20　473
94　419

# MONTGOMERY MANUFACTURING COMPANY vs. THOMAS.

1. In a declaration on a written agreement containing several distinct stipulations to be performed by the defendant, some of which have been performed, it is not necessary that the breach assigned should negative the performance of the defendant's contract *in toto*, but it will be sufficient if it avers non-performance in any one particular, and shows that the plaintiff has a good cause of action.

2. When the declaration assigns a sufficent breach, and shows a good cause of action, unnecessary averments, which are added by way of inducing special damages, are mere surplusage, and furnish no ground for demurrer.

ERROR to the Circuit Court of Montgomery.

Tried before the Hon. George Goldthwaite.

The defendant in error brought an action of assumpsit in the court below, against the plaintiff in error, on a written agreement, the terms of which are substantially set forth in the first count of the declaration, and are these: That the plaintiff in error, being the owner of certain iron-works, employed the defendant to superintend them for the term of three years, at the rate of $1800 for the first year, $2000 for the second, and $2200 for the third, to be paid monthly if required, and an additional sum of $500 if the defendant in error should remain in the employment of the plaintiff in error for the term of three years, and faithfully perform his part of the contract; that defendant's employment was to commence from the date of his arrival in the city of Montgomery. It was further agreed, that the plaintiff should have the right to discharge the defendant from service, if he should at any time fail to perform the duties of his office as superintendent, or be found incompetent to the performance of said duties; that he was to enter on the discharge of his duties at as early a day as practicable, and that he should devote his whole time, talents, energy and ability to his said duties as aforesaid, and to the interest of the plaintiff; that his attention to his duties was to be such as a careful, prudent, industrious and energetic man would give to his own affairs. The declaration sets out particularly other parts of the agreement, which it is not necessary to note. The defendant avers

30

that under, and in pursuance of this agreement, he came to the city of Montgomery at as early a day as practicable, and entered into the employment of the plaintiff, and on the discharge of his duties, and did give such attention to his business as a prudent, industrious and energetic man would give to his own affairs, and did and performed all things on his part required to be done and performed, by said agreement, until the 6th day of May, 1851; that he has ever been ready and willing to perform, and offered to continue and perform his agreement, and remain in the employment of plaintiff until the expiration of three years from the date of the commencement of the performance of said agreement.

The breach assigned is, that the plaintiff would not and did not continue the defendant in his service, according to the terms of the agreement between them, for three years; but on the contrary, refused to suffer or permit the defendant to continue in said service and employment, and without any good and sufficient cause or reason, defendant not having failed to perform all or any of his said duties, and not having been found incompetent to such performance, discharged him from employment, and has from that time wholly neglected and refused to retain and employ him. "By means of which, he has lost and been deprived of all the wages, profits, and advantages, which he otherwise might, and would have derived and acquired, by being continued in the said service and employ of the said defendant, and the said plaintiff has been and is, by means of the premises, wholly unemployed; and has lost, and been deprived of a large sum of money, to-wit, five hundred dollars, for expenses incurred in removing from said city of Montgomery as aforesaid back again to said city of Boston," &c.

To this count in the declaration, the defendant below interposed a general demurrer, which was overruled by the court.

The judgment of the court below, in overruling the demurrer, is here assigned for error.

HARRIS and SEMPLE, for plaintiff in error.

1. All damages must be the result of the injury complained of, and the natural and proximate consequence of it. 2

Greenl. on Ev. p. 245 § 254; Lib. Ed. p. 209 § 254; ib. p. 258 § 256, Lib. Ed.; 2 Greenl. Lib. Ed. 210 § 256.

2. In an action to recover damages for the breach of a contract to serve for a limited time, the measure of damages is the injury sustained up to the time of the trial, when the suit is brought before the expiration of the term of service. Martin v. Everett, 11 Ala. Rep. 375; Davis v. Ayres, 9 Ala. Rep. 294.

3. An allegation of the character in which the plaintiff sues, or of his title to damages, though sometimes superfluous, is generally descriptive in its nature, and requires proof. 1 Greenl. on Ev. 66 § 58.

4. The declaration is defective, because it does not aver a performance of the various duties which the defendant undertook to perform during the time he remained in the employment of the plaintiff in error. The general averment of performance is not sufficient. He must set out the manner of the performance, and show that during the time he was in the employment of defendant below, he performed the agreement on the part of the defendant in error to be performed. 1 Chit. on Pl. p. top 320, mar. 321, 214. There is no averment of the capacity of the defendant in error to perform his agreeement.

5. The allegation of special damages in the declaration, entitled the defendant in error to give evidence of these damages alleged in the declaration, and of consequence would have authorized the jury to find those damages if proven.

WATTS, JUDGE & JACKSON, contra.

1. The declaration is sufficient. It contains a good and sufficient cause of action; and since the abolishment of special demurrers, that it is all that is requisite.

2. There is a sufficient averment of performance on the part and behalf of the plaintiff below, to entitle him to recover, if discharged without cause; and there is a good and sufficient averment of his discharge without cause.

3. The particular grounds, or causes of damage, set forth in the conclusion of the declaration, whether legitimate or not, are immaterial: if illegitimate, they may be rejected as surplusage.

4. If any ground of damage, illegitimate and improper, had been insisted upon in the court below, and decided adversely to plaintiff in error, he might have excepted to the ruling of the court thereon, and had a proper correction made in this court.

LIGON, J.—In the declaration before us, the plaintiff below has set out the agreement between himself and the defendant at length, averring all its stipulations; but in assigning breaches, has confined himself to a violation and non-performance of one part of the agreement only, viz: that the defendant, without any sufficient cause, refused to continue him in its service for the period of three years, the term for which he was employed by it. By means of this breach of the agreement, he avers he has been thrown out of employment, and sustained damages to a large amount.

Had this count in the declaration closed here, there could be no doubt of its sufficiency, and freedom from all exception. For all that is required in declarations on agreements of this kind is, that they set forth a good and sufficient cause of action; and here we have an averment of performance, and readiness to perform the agreement to serve the defendant for the term of three years, accompanied by the further averment that the defendant below deprived him of his place and discharged him without cause. The law requires, that both in setting out the agreement, and assigning the breach, enough must be placed on the record to show that the contract has been broken; and that the plaintiff had a cause of action. Breckenridge v. Lee, 3 Bibb, 330; Hard v. Trimble, 3 Marsh. 533; Watts, Ex'r, v. Sheppard, 2 Ala. Rep. 426. In assigning the breach, it is not necessary to use the precise terms of the agreement sued on, but it is sufficient to state the intention of the parties, as it may be collected from the instrument itself. 10 Wheat. 449; 5 Mod. 133; 10 Mod. 150. Nor is it necessary that the breach assigned should negative the performance of the defendant's contract in every particular; if it has been performed in part, it is enough to aver a non-performance of the residue. Dale v. Roosevelt, 9 Cow. Rep. 308.

Although in assigning a breach, the plaintiff must do it in

such terms as to show that the defendant has broken his contract, in consequence of which a right of action has accrued to him, yet a mere informal matter, superadded to a good breach, would not be a fatal objection on general demurrer. 5 East. 270 ; 5 B. & C. 284. It would be regarded as surplusage, furnishing no ground for demurrer, the maxim being, *utile per inutile non vitiatur.* Stephens' Pleadings, 422.

We must apply these general rules to the declaration before us. It has been shown that the breach assigned is sufficient to warrant a recovery, but it is argued for the plaintiff in error, that the declaration is rendered defective because the pleader had added the words " and has lost and been deprived of a large sum of money, to-wit, five hundred dollars, for expenses incurred in removing from said city of Montgomery aforesaid, back again to said city of Boston." This is a mere deduction of a right to particular damages, arising from the breach previously assigned, and can only be regarded as surplusage. It cannot affect the breach assigned, which is full and complete without it, and it may be stricken out, or disregarded, 2 Ala. 425.

There is no error in the record, and the judgment of the Circuit Court must be affirmed.