## COPELAND vs. FLOWERS.

1. Assumpsit and trover cannot be joined in one declaration, and such misjoinder is bad on general demurrer.
2. Where the action is commenced before a justice of the peace, and removed by *certiorari* into the Circuit Court, where the plaintiff files his statement containing a count in assumpsit and a count in trover, a general demurrer will lie to it.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. LYMAN GIBBONS.

Moses Copeland commenced a suit, by attachment, before a justice of the peace, against Mary Flowers, and recovered judgment for $50. The case was removed by *certiorari* to the Circuit Court, where the plaintiff filed the following statement: "Plaintiff states, by attorney, that heretofore, to-wit: on the 1st August, 1850, the defendant was indebted to him in a large sum of money, to-wit: the sum of $10 for services, work and labor rendered by him for defendant, at her special instance and request; also, for the further sum of forty dollars, being the value of a wagon belonging to plaintiff, and loaned and delivered by him to the defendant, to be returned to him when thereto requested; that plaintiff demanded the wagon to be returned to him, but the defendant wholly failed to deliver the same to him, whereby his wagon was wholly lost to him, to his damage $50."

The defendant demurred generally to the statement, and the court sustained the demurrer.

The judgment of the court below on the demurrer is here assigned for error.

SMOOT, for plaintiff in error.

PERCY WALKER, contra.

LIGON, J.—The statement filed in this case contains two counts. The first is *indebitatus assumpsit* for work and labor done; and the second appears to be a count in trover for the value of a wagon.

To this statement there was a general demurrer, which was sustained by the court below. The practice of demurring to statements in cases of appeal from justices of the peace, in which the case is required by the statute to be tried *de novo* on its merits in the Appellate Court, on an issue made up under its direction, was sanctioned by this court in the case of Williams v. Hinton, 1 A. R. 297, and has never been repudiated.

In the case under consideration, there is a clear misjoinder of causes of action; for it is too well settled to require a citation of authorities to prove it, that assumpsit and trover cannot be joined in the same declaration, and that such misjoinder is bad on general demurrer.

There is no error in the record, and the judgment of the Circuit Court must be affirmed.