GUILFORD & CO. *vs.* KENDALL.

[ACTIONS OF TRESPASS AND CASE—DEMURRER.]

1. *Code has not abolished distinction between trespass and case ; the two actions can not be joined.*—The Code has not abolished the common-law distinction between actions of trespass *vi et armis*, and on the case ; and a count in each can not be joined in the same action.
2. *Demurrer—appeal.*—Where a defendant interposes several grounds of demurrer to the complaint, and the court sustains them all, and the plaintiff declines to amend, and judgment final is rendered against him, and he appeals, the appellate court will sustain the action of the primary court, if any one of the grounds of demurrer is well taken.
3. *Complaint in trespass and case ; what it must aver.*—To sustain the sufficiency of a complaint in trespass or case on demurrer, the act causing the injury must be averred to be wrongful, or some equivalent averment used.

APPEAL from the Circuit Court of Barbour.
Tried before Hon. H. D. CLAYTON.

THE appellants instituted their suit against the appellee on the 15th January, 1867. The complaint is as follows : "Plaintiffs claim of the defendant $5,000, due as damages for a trespass by him in the month of June, 1866, on a stock of goods, held and owned by plaintiffs at that time, and kept in the following storehouse, to-wit, the brick store of E. C. Joyce, now occupied by him as a place of business, in the city of Eufaula, and situated on the south side of Broad street, three doors east of the corner formerly known as the Copeland & Cannon corner, by digging and undermining said brick store, in said month of June, 1866, by which said brick store was thrown down, and the plaintiffs' stock of goods greatly damaged, and the plaintiffs deprived of a place of business, and put to a great trouble and expense in moving their goods, and obtaining another place of business, to the damage of plaintiffs, $5,000, wherefore they sue." The defendant interposed the following demurrer : "The defendant demurs, in short by consent, to the complaint of the plaintiffs, upon these grounds, to-wit :

1. That the complaint begins in trespass *vi et armis*, and concludes in trespass on the case. 2. That the complaint does not aver that the building of E. C. Joyce, in which plaintiffs' goods were stored, was an *ancient building*, or by any reason entitled to any immunity, or special protection of the law. 3. That the complaint does not allege that the digging and undermining by the defendant was wrongful, or any matters which show that the defendant did any act forbidden, or omitted any act or thing commanded by the law, in the digging, or undermining. 4. That the complaint contains no sufficient averments, affirmative, or negative, upon which plaintiff can recover in this action." The court sustained the demurrer, and the plaintiff declining to amend, gave judgment for the defendant. The error assigned is, the sustaining of the demurrer to the complaint.

ALPHEUS BAKER, for appellants.—1. If the complaint is a good one, either in *trespass* or in *case*, the demurrer ought to have been overruled.

2. If the complaint begins in *trespass*, it does not conclude in *case*, the conclusion being merely a statement of the "damage" occasioned by appellee's wrongful act.—Declarations in Trespass; Chitty on Pl., vol. 2, p. 851 and 872.

3. The employment in the complaint of the word " trespass," sufficiently implies that the act complained of was wrongful.—Forms for Trespass to Land, Revised Code, page 677.

4. The complaint alleges that appellee, in his wrongful act, *undermined* the house in which appellants' goods were stored by digging. If the allegation were proven on the trial, then the rights of the owner of the soil, extending downwards and upwards, indefinitely, must have been invaded by the digging. A new house is entitled to as much immunity from being dug *under*, *undermined*, as an " ancient" one. The complaint does not allege that appellee dug upon an adjacent lot, but that he dug *under* the house ; he undermined it.

JOHN GILL SHORTER, *contra.*—1. The decision of the cir-

Guilford & Co. v. Kendall.

cuit judge was correct, if the complaint be held to be in trespass *vi et armis*, for the facts alledged in the complaint show the plaintiffs' damages, if any incurred, were consequential and not direct. The form of action should have been in case and not in trespass. This plainly appears upon the face of the complaint itself.

2. If the complaint is held to be in form of trespass on the case, then the demurrer is well taken, for the reason that every thing alleged in it may be true, and yet the defendant may not be liable for any damages the plaintiffs sustained by the falling of the house in which their goods were stored.

By reference to the authorities, it will appear that every owner of land has what may be called a natural right of lateral support of his soil beneath the surface, so that if A. so dig on his own soil, and so near the land of B., as to cause the soil of B. to fall away and into the pit dug by A., he is liable to B. for the damages sustained by the injury in destroying his natural right of lateral support of his soil. But this principle ceases with the surface of the land, and as every owner has equal rights to build upon his own land, no one can build so near the line of another as to take away his right to lay foundations and build also. In other words, each adjoining proprietor builds at his peril, so that if his building is endangered or injured by another who is digging on his own and adjoining land, he has no right of action for damages to the building. There are various decisions upon this interesting question, but the leading cases in England and the United States, in which the above principles are recognized and settled, are the following :— *Wyatt v. Harrison*, 3 Barnwell & Adolphus, English Com. Law Rep., page 205 ; *Thurston v. Hancock*, 12 Mass. Rep. 220 ; *Lasala v. Holbrook*, 4 Paige's Chan. Rep. 169 ; see, also, *Masey v. Joyner*, 4 Car. & Paine, 161 ; *Peyton v. St. Thomas Hospital*, 9 Barn. & Creswell, 725, and 3 Kent's Com.

3. The plaintiff, in his complaint, should have alleged that the digging was done in a *careless and negligent* manner, whereby damage accrued, or some other of equivalent import, so as the defendant could have met it, under the plea of the general issue.—*Moody v. McLellan*, 39 Ala. Rep.

BYRD, J.—I. The distinctions existing at common law between the actions of trespass *vi et armis* and on the case, have not been abolished by the Code, and a count in each can not be joined in the same action.—*Bell's Adm'r v. Troy*, 35 Ala. 202.

II. Whether the complaint in this cause is in trespass or in case, it is unnecessary to decide, if either of the assignments of demurrer is well taken ; for where several grounds of demurrer are specified, and the court sustains them all, although some are not well assigned, and the plaintiff declines to amend the complaint, and the court thereupon gives judgment final against the plaintiff, and he appeals, this court will not reverse the judgment, if any one of the grounds is well taken. The party, if he desires to avail himself of the error of the court in sustaining the grounds not properly assigned, should offer to amend so as to make the complaint good, and having done this, or if the court refuses to allow him to amend without doing so as to the grounds not well taken, then he could place himself in a position to have the action of the court reviewed on the assignments which were erroneously sustained.

III. Whether the action is trespass or case, it was necessary to have averred that the " digging and undermining" was wrongful. There is no form prescribed in the Code for a complaint in an action on the case. There is one given for an action of trespass, and that uses the word wrongfully. The complaint in this case does not even conform to the only analogous form furnished by the Code. It is not indispensable to a good complaint, that the exact language of the Code should be used. But, in this complaint, no word or phrase equivalent to the word " wrongfully" is employed. A party having a right to dig under or undermine a house, might do it so unskillfully as to injure the house or the contents of it, and would be liable for the injury done. On the other hand, a party may have such a right, and exercise it and cause an injury for which he would not be responsible. The act causing the injury must be averred to be wrongful, or some equivalent averment used, in order to sustain the sufficiency of a complaint in trespass or case on demurrer.

The third assignment of demurrer must therefore be held to be well taken to the complaint, and the judgment of the court must be affirmed.