# Munter & Faber *v.* Rogers.

*Action for Damages on Special Count.*

1. *Forms of complaint under Code.* — The rules of pleading prescribed by the Code of Alabama, and the forms of complaint given in the Appendix thereto, recognize and preserve the distinctions between actions which existed at the time of its adoption; and these forms must be used in all cases to which they are applicable, while

[Munter *v*. Rogers.]

similar forms, combining equal brevity and perspicuity, must be used in analogous cases.

2. *Complaint held demurrable for misjoinder of causes of action, and wanting in brevity and perspicuity.* — A complaint, which alleges that the plaintiff "claims of the defendants the sum of $25,000, as damages, for .that whereas," on a specified day, plaintiff sold 35,000 pounds of cotton to defendants, at a specified price, payable in gold, and defendants made and delivered to him their promissory note for the price, payable in gold, on a specified day; which note they failed to pay, either in whole or in part, at maturity; and afterwards, being so indebted to plaintiff, defendants proposed to sell to him, for said note, certain shares of stock in an incorporated manufacturing company, which were in fact, as they well knew, wholly worthless, but which they falsely and fraudulently represented to be of great value, and thereby induced plaintiff to deliver up said note to them, and to accept for it said worthless shares of stock; and that afterwards, within a reasonable time, plaintiff tendered said shares of stock back to defendants, and demanded of them said promissory note, so falsely and fraudulently obtained, or the money due thereon to him; that defendants refused to accept said certificates of stock, and refused to deliver said note to plaintiff, or to pay the money due thereon, and still refuse to do so; and thereupon plaintiff sues, and claims as damages the sum of $25,000, — is demurrable for a misjoinder of causes of action, besides being unnecessarily prolix and obscure. On the facts stated, an action *ex contractu* would lie, for the amount due on the note; or an action on the case, for the deceit in the sale of the stock; or an action of trover, for the conversion of the note.

3. *Form of judgment on note payable in gold.* — In an action on a promissory note, dated and due in 1866, and payable on its face "in gold" (or, in trover for its conversion, or a special action on the case in reference to it), judgment for the plaintiff should be for "dollars" simply, and not for "dollars in gold," since the passage of the "legal-tender" acts of Congress.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. M. J. SAFFOLD.

This action was brought by Mills Rogers, against Munter & Faber, and was commenced in the 25th September, 1868. The complaint was in the following words : —

" The plaintiff claims of the defendants the sum of twenty-five thousand dollars, as damages, for that whereas, heretofore, on the 14th day of August, 1866, at (viz.) in the county of Montgomery, State of Alabama, the plaintiff sold and delivered to the defendants, at their special instance and request, sixty-three bales of cotton, weighing thirty-five thousand and thirty-one pounds, at and for the price of twenty-five and one half cents per pound, payable in gold, on the first day of December, 1866 ; and received from the said defendants their promissory note, dated on the said 14th day of August, 1866, payable to the plaintiff, on the first day of December, 1866, in gold, for the sum of $8,932.90. And the plaintiff avers, that the said cotton was, at the time of making said trade, and at the time of the maturity of said note, worth a large price per pound, viz., forty cents per pound, in the common currency of the country, known as ' greenbacks.' And whereas, afterwards, viz., on the first day of December, 1866, the defendants failed to pay to plaintiff the amount due on said promissory note, or any part thereof ; and whereas, afterwards, viz., on the 13th day of May, 1867, the said defendants, being still indebted to said plaintiff for said cotton the amount of the said promissory

[Munter *v.* Rogers.]

note, payable in gold, contriving and intending to mislead, deceive, and defraud plaintiff, and to induce him to deliver to them the said promissory note, falsely and fraudulently stated and represented to plaintiff that fifteen shares of stock, of one thousand dollars each, of a corporation under the laws of Alabama, known as the '*Indian Hill Manufacturing Company*,' located in the county of Autauga in said State, which they, the said defendants, owned, were of great value, viz., of the value of fifteen thousand dollars in lawful money of the United States; and the said defendants, then and there, falsely and fraudulently stated and represented to plaintiff, with intent to deceive and defraud him, that the said '*Indian Hill Manufacturing Company*' was but little in debt, and had its property mortgaged only for the payment of twenty thousand dollars; and the defendants, fraudulently contriving and intending to deceive and defraud the plaintiff out of the amount due to him on the said promissory note, proposed to deliver and transfer to said plaintiff the said fifteen shares of stock in said '*Indian Hill Manufacturing Company*,' in payment and discharge of the amount due to plaintiff on the said promissory note, and then and there, contriving and intending to deceive and defraud plaintiff, promised him that if he would receive the said fifteen shares of stock of said company, in payment and discharge of said note, the said mortgage for twenty thousand dollars on the property of said company should be paid and satisfied, so that the plaintiff should have the said fifteen shares of stock of said company free and unincumbered; and the said plaintiff, relying on the said false and fraudulent statements, representations, and promises of the said defendants, was deceived and misled thereby, and was thereby induced to deliver up, and did deliver up to the said defendants, the said promissory note, and to receive, and did receive from the said defendants, the certificate of fifteen shares, of one thousand dollars each, in the stock of the said '*Indian Hill Manufacturing Company*,' in payment and discharge of the said promissory note, and of the amount due thereon. And the plaintiff avers the truth to be, and the defendants well knew the same, at the time the said false and fraudulent statements, representations, and promises were so made as aforesaid, that the property of the said '*Indian Hill Manufacturing Company*' was mortgaged for a large sum, viz., the sum of fifty-five thousand, instead of twenty thousand dollars, as falsely stated and represented to plaintiff by said defendants. And the plaintiff avers, that at the time of these false and fraudulent statements, representations, and promises, the stock in the said '*Indian Hill Manufacturing Company*' was worthless. And the plaintiff avers, that afterwards, viz., on the —— day of ———, 186 , the prop-

erty of the said '*Indian Hill Manufacturing Company*' was sold under the said mortgage, as by the terms thereof was lawful, there having been a failure to pay the debt secured by said mortgage, at and for the sum of fifty thousand dollars, at public auction, — a sum less than the amount secured by the mortgage. And the plaintiff further avers, that the said fifteen shares of stock in the said '*Indian Hill Manufacturing Company*' was, and in fact became, wholly worthless, and of no value to the plaintiff. And the plaintiff further avers, that afterwards, and within a reasonable time, viz., on the 2d day of September, 1868, he tendered to the said defendants the said certificate for the said fifteen shares of stock in the said company, and demanded of them the said promissory note, so falsely and fraudulently obtained, or the amount due thereon to said plaintiff; and the defendants refused to receive the said certificate of fifteen shares of stock of said company, and refused to deliver to plaintiff the said promissory note, or to pay the amount of money due thereon, and they still refuse; and thereupon the plaintiff sues, and claims as damages the sum of twenty-five thousand dollars."

The defendants demurred to the complaint — 1st, " because there is a misjoinder of actions ; " 2d, " because it is double, being both in case and in *assumpsit ;* " 3d, " because it unites in the same count different causes of action ; " and, 4th, " because it is uncertain and ambiguous." The court overruled the demurrer, and a trial was had on issue joined on the plea of not guilty. The jury returned a verdict for the plaintiff, for " five thousand dollars in gold ; " and judgment was rendered in his favor according to the verdict. The overruling of the demurrer to the complaint, with other matters, is now assigned as error.

ELMORE & GUNTER and MORGAN, BRAGG & THORINGTON, for appellants.

WATTS & TROY, *contra.*

PETERS, C. J. — The suit in this action was commenced on the 25th day of September, in the year 1868, and the judgment was rendered on the 26th day of December, in 1871. It is founded on the verdict of a jury, and is for the sum of $5,000, to be paid " in gold," and for costs. From this, the defendants below appeal to this court ; and here, among other errors, they assign the refusal of the court below to sustain their demurrer to the complaint. This complaint contains but one count, or statement of the cause of action. It is in the following words. [See the foregoing statement of facts.]

The defendants' demurrer to the complaint raises the ques-

[Munter v. Rogers.]

tion of its sufficiency. It is contended by the appellants that it is defective, first, in failing to state, in a proper manner, any legal grounds of action against the defendants, whether the suit be regarded as an action of debt, or assumpsit, or as an action on the case for a tort; and in the second place, that the cause of action is so presented as to be both in tort and assumpsit. * * * To the objections, thus raised by the appellants, the appellee replies, without, however, classing his action under any of the established distinctions in such cases, that the material facts are stated in the complaint in such a manner as to show that the plaintiff has been injured by the illegal conduct of the defendants; and that these facts are so stated as required by the law of the Code, that is, they " are so presented that a material issue, in law or fact, can be taken by the adverse party thereon; " and this is sufficient. Rev. Code, §§ 2629, 2630.

The purpose of the suit is thus alleged, viz.: " The plaintiff claims of the defendants the sum of twenty-five thousand dollars *as damages*." This is clearly in case, for a tort. See Forms given in the Code, pp. 674, 675 *et seq*. After this commencement, the pleading states the sale of the 31,031 pounds of cotton by the plaintiff to the defendants, on August 14, 1866, for the price of 25½ cents per pound, payable " in gold," on the first day of December, 1866; and that for the price thus agreed upon, the plaintiff received from the defendants their promissory note, dated August 14, 1866, payable to the plaintiff on December 1, 1866, " in gold," for the sum of $8,932.90, which was the amount of the price of the cotton. It is then alleged, that the cotton thus sold was worth at the time of said sale, and when said note fell due, a large price per pound, in " greenbacks," to wit, 40 cents per pound. Then it is further alleged, that said defendants failed to pay said note, when it fell due, in part or in whole. It is then further alleged, that the defendants, being so indebted to the plaintiff in the amount of said note " payable in gold," to wit, on May 13, 1867, proposed to sell, and did sell and deliver, fifteen shares, of one thousand dollars each, of stock of the Indian Hill Factory, to the plaintiff, for said note, and said note was thereupon delivered up by plaintiff to defendants, in payment of the price of said stock. Said shares thus sold amounted to the sum of $15,000 of said stock. Then it is alleged, with very great particularity, that this sale of said stock was a deceit and a fraud, knowingly and intentionally practised on the plaintiff by the defendants; that said stock was worthless, when sold, and turned out to be worthless in the end; and that this was known to the defendants at the time of the sale, who then represented said stock to be of value, when they knew it was of no value;

and that it was upon this false representation of the value of the stock that the plaintiff made the purchase, and gave up the note in payment of the price of the same. After this, the complaint recites, in conclusion, as follows, viz.: "And the plaintiff further avers, that the said fifteen shares of stock in the said Indian Hill Manufacturing Company was, and in fact became, wholly worthless and of no value to the plaintiff. And the plaintiff further avers, that he afterwards, and within a reasonable time, viz., on the 21st day of September, 1868, tendered to said defendants the certificate for said fifteen shares of stock of said company, and *demanded of them said promissory note*, so falsely and fraudulently obtained, *or the amount due thereon* to the plaintiff; and the defendants *refused* to receive the said certificate of fifteen shares of stock of said company, and *refused* to deliver to plaintiff said promissory note, *or* to pay the amount of money due thereon, and they still *refuse ;* and *thereupon* the plaintiff sues, and claims *as damages* the sum of twenty-five thousand dollars."

I have thus stated the substantive allegations of the complaint, in order to make it more easy to grasp their purport, in estimating their purpose in the pleading. Evidently, the Code does not destroy the distinctions in the forms of actions, existing at the time it went into effect. Nor was it intended to allow causes of action, not permitted to be joined, to be indiscriminately mingled together in the same suit, or in the same count of the complaint. This appears from the fact, that different forms of complaints are given in the schedule of forms appended to the Code for different actions, which forms recognize and preserve these distinctions; and these forms, or such others as substantially conform to them, are required to be used in our practice. Rev. Code, pp. 673 *et seq. ;* Ib. § 2630. Besides, a misjoinder of counts, or different causes of actions, is still recognized by this court, as a defect in pleading, which may be assailed by general demurrer. 1 Brick. Dig. p. 24, § 55, and cases there cited; *Guildford & Co.* v. *Kendall*, 42 Ala. 651. The rules of evidence, also, require the preservation of these distinctions, so far as retained by the Code. Very great confusion would follow from their abolition. 1 Chitt. Pl. (m. p.) 201, notes *q* and 1. The Code, then, does not dispense with the necessary distinction of forms in actions to be brought under its provisions. It does not overthrow the whole theory of misjoinder of actions ; but it requires that these distinctions, except as therein altered, shall be observed and complied with; and that the facts of each particular action shall be briefly and perspicuously stated, so as to present a material issue to the adverse party. Rev. Code, § 2629. In effecting this, an old authority declares, that " no greater certainty is required than

[Munter *v.* Rogers.]

is sufficient to bring on a trial without inveigling the judge or the jury." 7 Bac. Abr. (Bouv. ed.) p. 458. And Mr. Gould adds, that the complaints hould contain the substance of a syllogistic proposition, in which the major premise, or sumption, is not expressed, but understood and supplied by the court. This major premise announces the rule of law, or principle of law, which gives the plaintiff his right to recover, if the facts of the minor premise, or subsumption, turn out to be true. Gould's Pl. p. 14, § 3, 4, 5, 6 ; Hamilton's Logic, p. 207, §§ 57 *et seq.* The second term of this syllogism consists of the facts, out of which the issue submitted to the jury arises. This issue must be single, and it must refer to the principle of law in connection with which it is supposed to be framed. 7 Bac. Abr. (Bouv. ed.) p. 531 ; Steph. Pl. pp. 24, 124, marg. If the action is founded on a contract, express or implied, this contract should be set out, or described, with the certainty above required, at least. Or, if it is founded on the conversion of a chattel, or a deceit in a sale, or any other cause of action, the like certainty should be used in stating the facts. In all cases, it is the duty of the pleader to present the facts of the case, without confusion or obscurity, in the forms prescribed by the Code, if this can be done ; or in other forms equally brief and perspicuous, which, in substance, shall conform to those given in the Code. Brevity and clearness are both required. Rev. Code, §§ 2629, 2630.

If these principles be applied to the present complaint, it will be seen that the facts are so presented, that the statement was not only calculated to " inveigle the judge or the jury," but in all probability it had that effect. For, had the learned judge on the trial below entertained a clear apprehension of the complaint, he would not have given charges which were proper in one aspect of the pleading, but which were improper in another ; or which were proper in an action on the case for a deceit in the sale of the stock, but improper in an action of debt or assumpsit on the note for the price of the cotton. Nor could the jury long have hesitated about the facts, had the case been properly presented. Nor does it seem that they could have declared by their verdict, that the damages were " five thousand dollars in gold," for such a verdict does not seem to respond to any issue legitimately presented by the pleadings.

Then, turning again to the facts stated in the complaint, it appears that the defendants were indebted to the plaintiff in the sum of $8,932.90, by promissory note, dated August 14, 1866, and falling due December 1, 1866, payable " in gold ;" which is alleged to have been due and unpaid at the time the suit was brought. On these facts, an action of debt, or as-

[Munter v. Rogers.]

sumpsit, might have been maintained. 1 Chitt. P. (m. p.) 89, 108; Rev. Code, § 2637. But the complaint does not stop with these averments. It goes on to present a second statement of facts, from which it appears that the defendants sold and delivered to the plaintiff fifteen shares of stock of the Indian Hill Factory, for which the plaintiff paid by a transfer and delivery to them of said promissory note; but, in the sale of this stock, the defendants committed a deceit and fraud on the plaintiff, in wilfully and falsely representing said stock to be of great value, when it was in fact of no value, and turned out to be wholly worthless; all of which the defendants well knew when they made said false representations, which were made to deceive and mislead the plaintiff, and had that effect, to his injury. On these latter facts, an action on the case for a deceit in the sale of the stock might have been maintained. 1 Chitt. m. p. 132, 133; *Wilkinson* v. *Moseley*, 18 Ala. 288; *Monroe* v. *Prichett*, 16 Ala. 785; *Dixon* v. *Barclay*, 22 Ala. 370; *Morgan* v. *Patrick & Smith*, 8 Ala. 185; *Blick* v. *Briggs*, 6 Ala. 687; *Pasley* v. *Freeman*, 3 T. R. 31; *S. C.* 1 Smith Lead. Cases, with Amer. Notes, m. p. 55; also, 1 Hilliard on Torts, pp. 1, 2, 3, § 3, and notes.

Each of these statements of facts is in an intelligible form, and presents a material issue in law or fact to the adverse party; and either the one or the other statement would be sufficient, if it stood alone. Rev. Code § 2629. But, the one showing grounds for an action in debt or assumpsit, and the other grounds for an action on the case for a deceit in the sale of the stock, they cannot be united. Assumpsit or debt cannot be joined with case for a tort. 1 Chitt. Pl. m. p. 201; *Copeland* v. *Fowler*, 21 Ala. 472; *Rhodes* v. *Otes*, 33 Ala. 578.

But, it is said, that one of these statements of facts is surplusage; and that one of them ought to be stricken out, for this reason, or disregarded. But it is not suggested which is the surplusage, or which is the matter of substance! Which, then, is the unnecessary averment? It is possible that the averment of facts upon which no breach is assigned may be, as a general rule, treated as surplusage, if the pleading is sufficient without it. 20 Ala. 473. Here, the pleading does not show which averment is unnecessary, and the breaches refer to both averments. After showing a tender of the certificate of the factory stock to the defendants, and a demand of the note surrendered on the sale of the stock, it is alleged, by way of conclusion and default, that " the defendants *refused* to receive said certificate of fifteen shares of stock of said company, and *refused* to deliver to the plaintiff the said promissory note, *or* to pay the amount of money due thereon, and they *still refuse ;*

[Munter *v.* Rogers.]

and thereupon the plaintiff sues, and claims *as damages* the sum of twenty-five thousand dollars." This seems to me to claim the damages for a *failure* to receive back the stock when tendered, and a *failure* to surrender the note when demanded, or a *failure* to pay the amount of the note. This shows that the breach or default on which the damages accrued refers to both of the above averments of facts, that constitute two different causes of action, which cannot be joined. The complaint is, therefore, defective for a misjoinder of causes of action, and the demurrer to it should have been sustained.

I think the pleading also violates the rule of brevity and clearness required by the Code. The learned counsel for the appellee seem to feel this difficulty. They fail to show, in their brief, whether they consider the complaint as one founded on a cause of action arising from a *contract*, or from a *tort*. Such uncertainty is a defect, and has no warrant under the forms or the rule of practice intended to be inaugurated by the Code.

For the error above pointed out, the judgment of the court below must be reversed, and the cause remanded for a new trial.

This opinion might be here properly concluded, as, in the present condition of the case, the other questions mooted in the court below may not again arise upon an amended complaint, which the appellee is authorized to file, if he chooses. A discussion of these questions might be premature, and tend to embarrass the court below on a new trial. Nothing, therefore, is intended to be settled in this opinion, but the *form of the complaint.* In this, it is proper to add, that the forms of complaints prescribed by the Code, or such other forms as substantially conform to these in brevity and clearness, must be used in our practice. If this is not done, the purpose of the law will be defeated. It is said by an old authority, that originally pleadings were so formed as to bring on the trial without inveigling the judge or the jury; "and they were very plain and concise; but in progress of time pleaders, yea, and judges became too curious in them, so that the art and dexterity of pleading, which in its use, nature, and design, was only to render the fact plain and intelligible, and bring the matter to judgment with convenient certainty, began to degenerate from its primitive simplicity and true use, and end· in a piece of nicety and curiosity; which, how it hath improved therein in later times, the length of the pleadings, the many unnecessary repetitions, and the many miscarriages of causes, upon small and trivial objections, do but too sufficiently testify." 7 Bac. Abr. Bouv. ed. p. 458. The common law permitted fines, by way of mulcts, to be laid on the pleader by the courts, "for

[*Munter v. Rogers.*]

barbarous and disorderly pleading." 2 Inst. 123. This power to fine for prolix and irregular pleading is still preserved to the courts by the Code, but the fine is imposed on the party and not on the pleader. Rev. Code, § 2630. Here, the complaint is unusually prolix and obscure. It covers nearly five pages of the transcript of the record; and it is quite uncertain whether it is intended as a complaint in an action of debt or assumpsit, or in an action in case for a deceit in the sale of the factory stock; or, possibly, as an action of trover for the conversion of the note. This want of brevity and uncertainty it was the purpose of the Code to remedy and forbid. Rev. Code, §§ 2629, 2630; Ib. p. 673, *Forms of Complaints.* There is a brief and sufficient form given in the Code for a complaint applicable to any cause of action that can arise out of the facts of this case, as recited in the present pleading, which might be written on a single page of the present transcript. If the action is intended to be founded on the note, for the agreed price of the cotton, then the complaint may be in debt or assumpsit. 1 Chitt. Pl. m. p. 99, 108; Rev. Code, § 2637. Or, if it is intended to be an action in case, for a deceit in the sale of the factory stock, then the complaint may be in case for a deceit in the sale of chattels. 1 Hilliard on Torts, pp. 1, 11; 1 Chitt. Pl. m. p. 132. Or, if it is intended to be an action of trover for the note, which the defendants are alleged illegally to have gotten into their possession on the sale of the stock, then a complaint in trover for the conversion of the note would be proper. *Lowremore* v. *Berry*, 19 Ala. 130. The Code furnishes proper and brief forms of complaints for each of the above causes of actions. Rev. Code, p. 673, *On Promissory Note;* Ib. p. 674, *On Account;* Ib. p. 675, *Deceit in sale of Chattels.* These forms should be used or conformed to. This is the rule of pleading established by law. To disregard this rule is to disregard the statute, and make it in the end but little better than a dead-letter. *Forms* which transcend this limit are " disorderly," and should be discouraged. From such a fountain only confusion can flow.

There is another error apparent on the record, but not mentioned in the assignment. The verdict is for " five thousand dollars in gold;" and the judgment follows the verdict. The present law of the United States, governing the currency, and defining what shall be a legal tender in payment of debts, forbids such a judgment. The verdict ought, therefore, to have been for " dollars " simply. A judgment for " dollars in gold " is erroneous. *Railroad Company* v. *Johnson*, 15 Wall. 195; *Parker* v. *Davis*, 12 Wall. 457; *Knox* v. *Lee*, 12 Wall. 457. I notice this error, in order that it may not be repeated on a new trial, should it become necessary, about which no opinion is expressed.

For the error first above mentioned, the judgment of the court below is reversed, and the cause is remanded for a new trial, with leave to the plaintiff in the court below to amend his complaint, as he may be advised, in conformity with the law.