# Kingsbury v. Milner.

*Bill in Equity to Enforce Vendor's Lien.*

1. *Bill to enforce vendor's lien ; abatement of damages resulting from breach of warranty.*—The measure of damages for a breach of a warranty in the sale of lands, on eviction under an outstanding paramount title, is the purchase-money, or consideration, with interest, and the costs of the ejectment suit; and on a bill filed to enforce the vendor's lien for an unpaid balance of the purchase-money, an abatement of the amount of such damages may be allowed.

2. *Same.*—A bill filed to enforce a vendor's lien for an unpaid balance of purchase-money against the vendee, who holds the vendor's deed with warranty, or a bond for title, is entirely devoid of equity, when it shows by its averments, that the vendee had suffered damages by reason of an eviction under an outstanding paramount title, in an amount exceeding the amount claimed in the bill.

3. *Amendment to bill in equity ; right of, when must be claimed.*—The general rule, under the statute, is that the right of amendment to a bill in equity must be claimed in the lower court, and that the question can not be raised in this court for the first time.

4. *When opportunity to amend must be afforded in lower court.*—But this rule is confined to cases in which the complainant had an opportunity to claim the right; and hence, a decree rendered in vacation on demurrer, dismissing the bill, without first affording the complainant an opportunity to amend, is erroneous, and, on appeal, this court will reverse the decree and remand the cause, that the appellant may amend his bill, if he so elect.

APPEAL from Butler Chancery Court.

Heard before Hon. JOHN A. FOSTER.

The bill in this cause was filed by John Kingsbury against John T. Milner and Henry W. Caldwell, for the purpose stated in the opinion. It appears from the averments of the bill, that in 1866, the appellant, by two separate contracts, sold to the appellees two tracts of land in Butler county, one containing 640 acres, and the other, 240 acres, both of which were mainly valuable for the pine timber thereon; that the tract containing 640 acres was sold for $3200, of which $2200 was paid in cash and the balance was payable on 1st January, 1867; that appellant executed and delivered to appellees a bond conditioned to make them title to this tract on payment by them of the balance of the purchase-money; that in January, 1867, the appellant "signed and sealed" a deed to this tract, with warranty, and left same with an agent with instructions to deliver it to the appellees when they paid the balance of the purchase-money, and not otherwise, but that afterwards, by means unknown to

[Kingsbury v. Milner.]

appellant, they obtained possession of said deed, without having first paid said purchase-money, and without the authority of appellant; that the appellant executed a deed conveying the tract containing 240 acres to the appellees when they made the purchase, with covenant of warranty; that the price of this tract was $1200, which, it is claimed by the bill, has never been paid; that the appellees took possession of both of said tracts soon after their said purchases, and cut off of said lands and used all the valuable timber thereon, of the value of about $4000, and that the lands without the timber are of but little value. It is also shown by the bill, that the appellees were evicted from the tract containing 240 acres and of one-half of the other tract in January, 1878, in the manner stated in the opinion, and that the appellees had brought two suits at law to recover damages for breaches of covenants of warranty contained in said deeds. The appellees interposed a demurrer to the bill attacking the equity thereof on several grounds, which it is unnecessary to set out, and the Chancery Court sustained the demurrer and dismissed the bill. The decree dismissing the bill was rendered in vacation. This decree is here assigned as error.

WATTS & SONS, JOHN GAMBLE and J. C. RICHARDSON, for appellant.

BUELL & LANE, contra.

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—This is a bill filed by the appellant to enforce a vendor's lien on certain lands sold by him to the appellees. It seeks also, incidentally, to enjoin the suits at law instituted by appellees for alleged breaches of warranty of the title of the same lands, and to recover damages for the cutting by defendants of a large quantity of timber removed from the land in controversy. There are two separate tracts of this land, one containing two hundred and forty acres, and the other six hundred and forty acres.

So far, in the first place, as concerns the 240 acre tract, which was sold in April, 1866, it is sufficient to say, that the title itself shows an entire failure of consideration. The title of this land is admitted to have proved defective, the premises having been recovered from the vendees by paramount title in an action of ejectment, without any alleged fault or collusion on their part. The purchasers having been thus dispossessed by a superior title, and the deed of conveyance containing a warranty, it is clear that the effort to enforce collection of the note given for the purchase-money is inequitable.

And the same is true of half of the 640 acre tract, which was sold in January of the same year. Three hundred and twenty acres of this tract were recovered from appellees in an action of ejectment instituted by the heirs of one Roberts, who also obtained a judgment in the same suit for over nine hundred dollars, by way of rent or mesne profits. The amount of purchase-money sought to be enforced against this tract is about one thousand dollars. The relative value of these two half sections of land is not averred in the bill, and being equal in area, the presumption of equality is not unfair. Indulging such a conclusion, it is plain that the complainant would be indebted to the defendants in a *larger sum than they owed him*, by reason of the abatement necessary to be made in the original purchase-money of the land. The price of the land being five dollars per acre, the half section from which the defendants were evicted would be worth the sum of sixteen hundred dollars, or six hundred dollars more than complainants claim, saying nothing of interest, and costs of suit. In actions for the recovery of damages based on a broken covenant of warranty, in case of eviction, the better rule is, that the measure of damages would be the purchase-money, or consideration, with interest, and the costs of the ejectment suit. *Bibb v. Freeman*, 59 Ala. 612; *Pitcher v. Livingston*, 4 Amer. Dec. 229; *Markland v. Crump*, 27 *Ib*. 230; 1 Sedgwick Dam. (7th Ed.) p. 316, (157–8); 2 Greenl. Ev. § 264. An abatement of a like sum can be enforced in this action, but the damages for mesne profits could not be included.—*Staats v. Ten Eyck*, 2 Amer. Dec. 254.

It requires no argument to show that a bill seeking to enforce such a claim is entirely devoid of equity. The bill admits the fact of defendants' eviction by paramount title, and the fact of warranty, and yet seeks to enforce payment of the entire purchase-money. It is in the very teeth of the fundamental principle of every court of conscience, that he who seeks equity must do equity.

The allegation that the deed for one of the tracts of land was delivered by appellant's agent to the appellees, without authority and aganst instructions, gives no equity to the bill. Conceding the truth of this averment, the deed would be without validity, and the action on its alleged breaches of covenant for warranty could be adequately defended at law.—*Fuller v. Hollis*, 57 Ala. 435.

The claim for damages urged in the bill for timber cut on the land by the vendees, is entirely untenable. The consideration agreed on was for both the land *and the timber*, the latter being of course a part of the realty. It is obvious that no additional claim can be preferred for the timber.

[Kingsbury v. Milner.] ·

We see no error in the decree of the chancellor sustaining the demurrer to the bill, and dissolving the injunction.

The chancellor erred, however, in dismissing the bill without first affording complainant the opportunity of amendment. This dismissal was *in vacation*, the cause having been submitted for decree on demurrer.

The general rule is now firmly settled, that, under our statutes, the right of amendment is a privilege which must be claimed in due time by the party entitled to it, and in the absence of a timely request for such permission, by motion in the primary court, the question can not be raised for the first time in the appellate court.—*Brock v. S. & N. R. R. Co.*, 65 Ala. 79; *Guilford v. Kendall*, 42 Ala. 651.

But this rule should, in our judgment, be confined to cases where the party complaining of injury *has had some opportunity of claiming the privilege*, which can not be when the dismissal is in vacation. In *Bishop v. Wood*, 59 Ala. 253, the principle was so announced as applicable to cases where the equity of a bill was drawn in question incidentally, though a *dictum* occurs intimating a contrary rule where the equity of a bill is assailed on demurrer. This might be reasonable if the decree were rendered in term time, when the parties are presumed to be present, for then the privilege of amendment could at once be claimed. But, in our opinion, it is and should be otherwise, when the action of the chancellor is taken in vacation, under the provisions of the statute, or the rule of practice authorizing such decrees.—Code, 1876, §§ 3896–97; Rule 80, p. 172, Code.

The appellant had a right to have the judgment of the court on his demurrer. The whole system of amendments is based upon this theory, and without it the privilege of amendment would be futile. To hold otherwise would be, in effect, to adopt the legal dogma of professional infallibility, which would render nugatory the necessity of all such amendments. The language of the statute is general in terms, that "either before or *after judgment on demurrer*, the court *must* permit an amendment of the pleadings, and such amendment must cause no delay in the trial of the cause, unless injustice would thereby be done."—Code, § 3006. It was announced in *Little v. Snedicor*, 52 Ala. 167, 170, as a general rule, that the better practice is not to dismiss a bill without tendering the opportunity to amend, and that "such a practice would best comport with the spirit of our liberal statute of amendments." The register in chancery is authorized, on notice to the opposing party, to allow such amendments, so as not unnecessarily to delay the cause.—Code, § 3791.

We hold, therefore, that when a cause is submitted for de-·

[Munchus v. Harris.]

cree *in vacation*, the bill should not be dismissed without affording the opportunity of amendment.

For this error of the chancellor the decree must be reversed and the cause remanded, that the appellant may have the privilege of amending his bill, if he so elect.