ELLIOTT, Admr., &c. vs. THE BRANCH BANK AT MOBILE.

1. When the administrator in chief fraudulently, or without authority, makes a sale of personal property belonging to his intestate's estate, the parties in interest may treat it as an administration; and if they elect to do so, the administrator *de bonis non* cannot recover the property.

Error to the Chancery Court of Mobile.

Tried before the Hon. J. W. Lesesne.

The bill alleges that the administrator in chief of Elliott had, without an order of sale from the Orphans' Court, sold, and conveyed on the books of the Bank, certain stock belonging to the estate of his intestate, to one Munroe, for its full value; that the proceeds of the stock had been appropriated by the administrator to the benefit of the estate, and that the Orphans' Court had recognized the sale, by passing his accounts, in which this item was charged, and discharging him; that the plaintiff in error, as administrator *de bonis non* of said intestate, had commenced an action against the defendant in error, for the dividends of the stock which, since the said sale and transfer on the books of the Bank by the administrator in chief, had been paid to Munroe. A motion was made to dismiss the bill for want of equity, which was overruled. The chancellor decreed in accordance with the prayer of the bill, and perpetually enjoined the action at law.

Douglass Smith, for plaintiff in error.

Phillips, contra.
22

GOLDTHWAITE, J.—We are satisfied that the complainant had a perfect remedy at law against the action which it was the object of the bill to enjoin, and the decree of the chancellor was therefore erroneous. The effect of a sale by an administrator, of the personal property of the estate, has been frequently considered by this court, and without intending to affirm in this opinion the principles on which those decisions rest, we do not understand that any one of them has gone to the length of deciding, that where the estate has in fact received the consideration of the sale, and the parties really in interest have elected to treat it as an administration, rather than a wrongful conversion of the property, that the representative of the estate, the administrator *de bonis non*, can recover it. Indeed, the case of Kavanaugh and Wife v. Thompson, 16 Ala. Rep. 818, holding that the distributees, at a settlement with the administrator in chief, might elect to charge him with the property of the estate he had converted, or receive the amount he had recovered, is conclusive on this point, and does not in the slightest degree conflict with Swink, Adm'r. v. Snodgrass, 17 Ala. Rep. 615, in which no consideration was paid by the purchaser for the property, which was fraudulently aliened by the administrator. The result of the decisions is, simply, that a fraudulent sale, or one made by the administrator *without* authority, is not an administration, unless the parties in interest choose so to consider it; and if they fail to do so, their representative, the administrator *de bonis non*, can recover the property. The bill, however, charges, that the stock brought its value, that the purchase money was applied to the extinguishment *pro tanto* of an execution against the estate, that the administrator had charged himself with the amount received, accounted with the Orphans' Court for the same, and been discharged on a final settlement with such court. Any of the parties interested in the distribution of the estate could, on such settlement, have treated the property sold as unadministered. They choose, however, not to do so, and having made their election, are bound by it. These facts, if proved, would constitute a full defence to the action at law, and this being the case, chancery cannot take jurisdiction.

The decree of the chancellor is therefore reversed, and the

bill dismissed, the defendant in error paying the costs of this court and the court below.