33  509
94  178
33  509
99   44

## WILLIAMSON'S ADM'R vs. ROSS.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN FOR PURCHASE-MONEY OF LAND.]

1. *Equitable estoppel against assertion of vendor's lien.*—A court of equity will not enforce a lien for the unpaid purchase-money of land, at the suit of an administrator of the deceased vendor, when it appears that the purchaser also is dead; that his estate was duly declared insolvent, and settled as such; that the land was sold, under an order of the probate court, as belonging to his estate; that the vendor's administrator was a bidder at the sale, and publicly stated that the purchaser would get a good title; and that he filed the notes for the purchase-money as claims against the purchaser's estate, and received his *pro-rata* share of the proceeds of the sale of the land, which he does not offer in his bill to return or account for.

APPEAL from the Chancery Court of Randolph.

Heard before the Hon. JOHN FOSTER.

THE bill in this case was filed by Hugh Montgomery, as the administrator *de bonis non* of George Williamson, deceased, against Frederic Ross and John T. Heflin; and sought to enforce a vendor's lien for the unpaid purchase-money of a tract of land, which the said Williamson had sold to one Andrew Burnham, and which the said Ross, through Heflin as his agent, bought at a public sale, which was made under an order of the probate court by the administrator of said Burnham, whose estate had been previously declared insolvent. The material facts, as disclosed by the bill, answers and testimony, will be readily understood from the opinion of the court. On final hear-

ing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

J. W. GUINN, for the appellant.

JNO. T. HEFLIN, *contra.*

RICE, C. J.—It may be conceded, that Williamson, at the time of his death, as the vendor of the land to Burnham, had a lien on the land for the unpaid purchase-money; and that the lien can still be enforced, unless the conduct of the complainant, as the administrator *de bonis non cum testamento annexo* of Williamson, amounts to a waiver or discharge of it, or to an equitable estoppel against its enforcement by the said administrator.

It appears that the estate of Burnham, the vendee, was duly declared insolvent, and finally settled in the probate or orphans' court as an insolvent estate; that the notes for the unpaid purchase-money, given by Burnham to Williamson, were duly presented and filed by Williamson's administrator, as claims against the insolvent estate of Burnham; that upon the application of the administrator of the insolvent estate of Burnham, the land was sold, under an order of said orphans' court, to the respondent Ross; that the complainant afterwards induced Ross to consent to set aside that sale, and to consent to a re-sale; that at the re-sale the complainant stated, that the purchaser would get a good title, and was one of the bidders, but the respondent Heflin became the purchaser, for Ross; that the proceeds of the re-sale, (which were greater than the proceeds of the first sale,) were, in the administration of Burnham's estate in the insolvent course, equally divided between all the creditors of Burnham's estate; and that the complainant, as administrator of Williamson, and as one of those creditors, with a full knowledge of the facts, received, with the other creditors, a *pro-rata* share of the proceeds of the re-sale, which he does not even offer to restore or return, but retains as so much money collected on the notes given to Williamson by Burnham for the purchase-money.

There can be no doubt that the creditors or legatees of

Williamson can compel the complainant to account to them (if he has not already done so) for the *pro-rata* share of the proceeds of the re-sale received by him as aforesaid. For aught that appears in the present case, they may have received the same from him; or, if not, they may prefer to look to him for the same, rather than incur the expense and hazard of a resort to a' court of equity, to enforce the lien for the purchase-money which remained unpaid at the death of Williamson. In this aspect, the present suit may be against their wishes and rights, if not against their interest, and may be a suit prosecuted by the administrator for his own benefit only—that is, to relieve himself from the condition in which, by his conduct at, and before, and since the re-sale, he has voluntarily placed himself, with a full knowledge of the facts. Construing the bill most strongly against him, as we ought to do, we are authorized so to consider this suit; and thus considering it, we think there is no equity in relieving the complainant from the consequences of his own conduct, at the expense and to the prejudice of Ross, who purchased and paid for the land in good faith, and under the belief, strengthened, if not created, by the statement of the complainant, that "the purchaser would get a good title."

It is very clear, that neither the complainant, nor the creditors or legatees of Williamson, can justly claim to retain the money which Ross paid for the land on the re-sale, and also to have the land sold again to satisfy the alleged vendor's lien. The bill in this case does not show that the creditors or legatees take any part in setting up any such unjust claim, nor are they parties to the bill. The administrator, who, after stating that the purchaser would get a good title, after Ross had become the purchaser and paid the money, receives a *pro-rata* share of the money Ross paid for the land, and, without offering to restore it, asks the court of equity to sell the same land again to satisfy the very debt on which he had received his *pro-rata* share of the money paid by Ross— that administrator is the only party complaining, and the only party that we can say from the record would be ben-

efited by the decree which he seeks by his bill. As the case is now presented, he cannot enforce the lien he asserts. His own conduct *estops* him from enforcing it. He shows nothing to relieve him from the estoppel arising out of his conduct.—Butler v. O'Brien, 5 Ala. 316; Firemen's Ins. Co. v. Cochran, 27 Ala. 228; Stone v. Britton, 22 Ala. 543; Fambro v. Gantt, 12 Ala. 298; Lawson v. Lay, 24 Ala. 184; Elliott v. The Br. Bank at Mobile, 20 Ala. 345; Atwood v. Wright, 29 Ala. 346; see also the cases cited for appellee.

The decree of the chancellor is affirmed.