# Burgess *v.* Greene.

*Bill in Equity to enforce Vendor's Lien on Land.*

1.  *Vendor's lien ; against whom asserted.*—The vendor of lands, retaining the legal title in himself, has a lien on them for the unpaid purchase-money, which he may assert against any one claiming under the purchaser; and where he has conveyed the legal title to the purchaser, the purchase-money remaining unpaid, he may assert his equitable lien against a sub-purchaser who bought with notice of it.

2.  *Same ; how waived or lost, as against sub-purchaser.*—Where the sub-purchaser, ascertaining that there was an outstanding vendor's lien on the land, refused to complete payment of the stipulated price on account of it; and thereupon the vendor agreed that, on payment of a specified sum to himself, and of another sum to the original purchaser, the sub-purchaser might take and hold the land, discharged from all claim of lien ; and the money was paid pursuant to this agreement, and deeds executed by the vendor to the original purchaser, and by the latter to the sub-purchaser; held, that the vendor was estopped from asserting, as against the sub-purchaser, any lien on the land on account of a balance still remaining due on the original sale.

APPEAL from the Chancery Court of Franklin.

Heard before the Hon. H. C. SPEAKE.

The original bill in this case was filed on the 28th day of August, 1878, by Thomas Burgess, against George W. Greene and William W. Greene ; and sought to enforce a vendor's lien on a tract of land, for an alleged unpaid balance of the purchase-money. The land was sold by the complainant to one T. W. Henley, on the 18th December, 1872, and the defendants afterwards bought from Henley. The opinion of the court states all the material facts. On final hearing, on pleadings and proof, the chancellor held the complainant estopped from asserting his lien, as against the defendants, and dismissed his bill. The chancellor's decree is now assigned as error.

J. B. MOORE, and D. P. LEWIS, for appellant.

[Burgess v. Greene.]

BRICKELL, C. J.—The original bill was filed by the appellant, to enforce a lien for the purchase-money against certain lands, which he had bargained and sold to one Henley, taking his promissory notes for the purchase-money, and executing to him an obligation to convey title when these notes were paid. Henley subsequently sold the lands to the appellees, who entered into possession, contracting to pay for them three thousand five hundred dollars, in two installments. Before final payment to Henley, they were informed of the lien claimed by the appellant, and declined to make any further payment until it was removed. Thereupon, the appellant executed a deed of conveyance to Henley, and Henley executed a deed of conveyance to the appellees. The evidence, as the chancellor found, preponderates in establishing that, at the time the conveyance from Henley to the appellees was delivered, the appellant agreed with the appellees that, if they would pay him five hundred dollars, and would pay Henley six hundred dollars of the purchase-money due from them, they should take and hold the lands, free and discharged from all claim of lien by him, the appellant. The appellees assented, and made the payments. After an examination of the evidence, we find no reason for doubting the correctness of this conclusion. Henley died, and his estate is insolvent; and a part of the purchase-money due from him to the appellant is unpaid.

It is certainly true that, until the appellant executed a conveyance to Henley, he had an equitable mortgage on the lands for the payment of the purchase-money, of which all persons, subsequently dealing with Henley, were chargeable with notice. It may be also ˌassumed that, after the execution of the conveyance to Henley, he had a lien which would have prevailed against the claim of the appellees, they having notice that the conveyance had been executed before the full payment of the purchase-money. These rights the appellant could waive, or, by his conduct, promises, or declarations, estop himself from asserting. No principle of law is more firmly established, none rests upon a higher, purer morality, and is more promotive of right and justice, than that if a man, by his words or acts, intentionally causes another to believe in the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, he is concluded from averring to the contrary, if injury must result to him whom he has misled. The appellees could have retained the purchase-money they were induced by the appellant to pay to Henley, and applied it, so far as was necessary, to remove the lien on the lands now asserted. They had retained it for that purpose, until the ap-

[Jones & Co. v. McAlpine.]

pellant induced them to pay it to Henley, promising to relinquish his claim. Henley is dead, and his estate is insolvent; and it would be an unmitigated fraud, if the appellant was now permitted to revoke and repudiate his promise, asserting the right he had agreed to waive, against which the appellees would have protected themselves but for the promise. The books abound with cases, in which parties, by acts and words less deliberate, have estopped themselves from asserting rights and claims to lands, inconsistent with the rights others had been induced to acquire.—*Stone v. Britton*, 22 Ala. 543; *Burns v. Taylor*, 23 Ala. 255; *Williamson v. Ross*, 33 Ala. 509; *Butler v. O'Brien*, 5 Ala. 316.

The decree is affirmed.