# Massey, Adm'r, *v.* Modawell.

*Bill in Equity to correct Errors in Final Settlement of Administrator's Accounts, and to recover Land sold by him at Void Sale.*

| 73  | 421 |
|-----|-----|
| 98  | 391 |
| 73  | 421 |
| 121 | 322 |
| 73  | 421 |
| 130 | 591 |

1. *Sale of testator's land by personal representative; when unauthorized by will and void.*—When a will gives no authority to sell land, except for final division, which is postponed until after the testator's youngest child becomes of age or marries, a sale under the will by the personal representative before that time is void, conveying no title, and presenting no obstacle to a recovery at law by the heirs.

2. *Errors in settlement by administrator; when bill to correct without equity.*—To sustain a bill in equity for the correction of errors of law, or fact, in the final settlement of an administrator's accounts, made in the probate court, the errors must not only be clearly pointed out, but the bill must show that the complainant has thereby suffered injury; and hence, a bill filed for that purpose, showing a void sale of lands by the administrator, but seeking also to recover the lands, and not to charge him with the proceeds of sale, and failing to show any money or other personal assets received by him, and not accounted for, is fatally defective.

3. *Equitable conversion of real into personal estate; what is, and when it takes effect.*—A provision in a will directing that the testator's real estate should be sold and converted into money, when his youngest child should become of age or marry, constitutes an equitable conversion of the real estate into personal property; but this conversion does not and can not take effect until, by the terms of the will, the real estate can be sold; and, until that time, being real estate, both in equity and at law, the heirs, having by descent the legal title, have no right or pretense for going into equity to recover the possession.

4. *Same; joint recovery of the real estate by heirs and personal representative.*—The heirs and personal representative having no common right to such real estate, they can not sue jointly for its recovery; nor can an heir, who is also the personal representative, maintain a suit for

[Massey, Adm'r, v. Modawell.]

that purpose in his double capacity, the two interests being antagonistic and incompatible.

5. *Complainants claiming common recovery; both must recover.*—Complainants claiming a common recovery must show a common right; and failing to do so, the suit must fail.

6. *Decree in vacation dismissing bill; when error.*—*Held,* that the decree rendered in this cause, in vacation, dismissing complainant's bill absolutely, without offering him an opportunity to amend, was erroneous.

APPEAL from Marengo Chancery Court.

Heard before Hon. THOMAS COBBS.

On or about 16th December, 1858, Warren Massey departed this life, a resident of Marengo county, in this State, seized and possessed of real and personal property, and leaving a last will and testament, which was duly admitted to probate in and by the probate court of said county. He also left him surviving his widow, Mary Massey, and several children, some of whom were, at the time of his death, minors of tender years. By the will provision was made for the widow, and to each child was given a specific sum of money, to be paid as they severally attained their majority or married. About 1st January, 1859, W. B. Modawell was duly appointed by said probate court administrator of the estate of said testator, with the will annexed, and he continued to act as such administrator until the early part of 1867, the exact date not shown, when he resigned, made a final settlement of his administration, and was discharged from all further liability. On or about the 7th November, 1859, said Modawell, as such administrator, claiming to act under the will, without any decree or order of sale, sold certain lands of which said testator died seized and possessed, and executed a conveyance to the purchaser, and placed him in possession. At the commencement of this suit, George Hamner and W. F. Perkins were in possession of separate parcels of said land, claiming under said sale.

The bill in this cause, as originally exhibited, was by John T. Massey, individually, and as the "administrator, with the will annexed" of the estate of the said Warren Massey, deceased, and Napoleon L. Massey, "who is a minor, under twenty-one years of age," suing by his next friend, both the said John T. and Napoleon L. Massey being children of said testator, against the said W. B. Modawell, George Hamner, W. F. Perkins, Mary Massey, and also against the other surviving children of the said testator; and was filed on 10th May, 1877. The bill avers the facts above stated, and further, that on 23d January, 1877, John T. Massey was appointed by the said probate court the administrator *de bonis non*, with the will annexed, of said estate, "and is now endeavoring to make a settlement of the same;" that the said testator owed no debts at the time of his death, and his estate was perfectly solvent; that the widow

dissented from the will, and dower was assigned to her, and of the lands so assigned to her as dower she was in possession; that the "assignment of dower was not made in accordance with law, and was never confirmed by any decree of a court of competent jurisdiction;" that the sale made by the said Modawell as administrator, and the conveyance executed by him to the purchaser were void; that there were errors in the final settlement made by him of his administration, the averments in reference to which will be found in the opinion; and that the legacies provided by the will in complainants' favor had never been paid. A copy of the will of said testator is made an exhibit to the bill; and its provisions bearing on the questions decided are stated in the opinion. The bill prays, among other things, that the settlement made by the said Modawell may be set aside, and he required to make "a full and correct settlement" of his said administration; that Mary Massey, George Hamner and W. F. Perkins be required to "show and discover to this court what right or claim they, or either of them, have to the lands which formerly belonged to Warren Massey, deceased, and that they may be required respectively to surrender the possession thereof to your orators," and that an account be taken against them for rents; and for general relief. Afterwards, the bill was amended, "by striking out the name of John T. Massey, as administrator, etc., as complainant, and substituting that of Napoleon L. Massey, as administrator de bonis non, etc.;" and by making John T. Massey a party defendant. This appears to have been done with the consent of John T. Massey; but why it was done, is not shown; nor is it averred that Napoleon L. Massey was such administrator.

Demurrers were filed to the bill by the defendants Modawell, Perkins and Hamner, which were overruled in September, 1879, on a submission of the cause thereon, Hon. H. AUSTILL presiding. Thereupon defendants Modawell and Perkins filed their answers, incorporating therein other grounds of demurrer. At the spring term. 1881, the testimony was published, "leave granted to file additional grounds of demurrer," which was done by said Modawell and Perkins, and the cause submitted for decree in vacation on pleadings and proof. The entry of submission shows that the cause was submitted by the defendants who had filed answers, on, among other things, their answers "as amended." The only amendments to the answers disclosed by the record consist of the "additional grounds of demurrer," for the filing of which leave had been granted as above noted, and which were designated as amendments to their answers. On 11th August, 1881, the following decree, omitting the title of the cause, was "filed and enrolled:" "This cause, coming on to be heard at the regular term of said

court, was submitted for decree in vacation upon the pleadings and testimony in said cause, and being considered by the court: It is ordered, adjudged and decreed that the complainant's bill do stand dismissed out of this court without prejudice, and with costs, to be paid by the complainant, for which execution may issue. Done at Chambers, August 5th, 1881.

"THOMAS COBBS, Chancellor."

The decree dismissing the bill is here assigned as error.

J. W. BUSH, for appellant.

TAYLOE & WOOLF, contra.

STONE, J.—According to the averments of the bill in this case, and according to the proof made, the sale of the land, and conveyances of title, made by Modawell, were without any authority whatever. The will gives no authority to sell, except for final division or distribution, which can only take place, after the youngest child becomes of age, or marries. The will gives to each child, as they severally attain to lawful age or marry, a specified sum of money. It then contains this clause: "In the final division of my estate, it is my will that all my property, both real and personal, be sold on a credit of twelve months, purchasers giving good personal security." This is the only authority to sell lands found in the will. The bill shows that the lands were sold when most of the children were minors. On what terms sold we are not informed. Nor is it anywhere shown whether the sale was public or private. Whether the one or the other, the sale was void, and conveyed no title. According to the averments of the bill, the legal title to the lands remained in the heirs, and there was no obstacle to a recovery by them in an action at law, unless the statute of limitations interposed a bar as to some of them. *Tyson v. Brown*, 64 Ala. 245.

The bill avers that in 1867, Modawell, the administrator in chief, made a settlement and resigned. The bill then, in insufficient averments, charges irregularities in his settlement, and contains this clause: "And your orators charge that in the said settlement by W. B. Modawell, there was error of law and fact to the injury of your orators, without any fault on their part, in this, that the probate court had no jurisdiction to settle a matter of trust, and in this, that the proper notices as required by law were not given, all the parties were not before the court, and the minors were not represented by a guardian *ad litem*, and that the decree and settlement show manifest error on their face." No part of the record of the probate court is found in this record, and we are left to form conjec-

[Massey, Adm'r, v. Modawell.]

tures from the vague averments copied above. The bill seeks
to recover the lands as they are, and not the proceeds of the
sale made by Modawell. Hence, the bill can not be construed
into an attempt to make him account for the proceeds of the
land. The complainants can not have both the land and the
money for which it was sold. If they elect to charge Moda-
well with the money, they thereby ratify the sale, and lose all
right to the land.—*E'lliott v. Branch Bank*, 20 Ala. 345.
And the bill fails to show any particular sum of money derived
from personal assets. In fact, it fails to show any money or
other personal assets received by him, and not accounted for.
This feature of the bill is fatally defective, in that it does not
show the complainants have sustained any injury, or can
recover any thing from Modawell. Errors of law or fact, to sus-
tain a bill of this class, must be clearly pointed out, and there
must be enough in the bill to show that complainants have
suffered injury. There must be *injury* to the party com-
plaining, and the record must show it.—Code of 1876, §§
3837–8 ; *Boswell v. Townsend*, 57 Ala. 308 ; *Bowden v. Per-
due*, 59 Ala. 409.

The will in the present case directs that when the youngest
child becomes of age or marries, the entire property, real and
personal, was to be sold and converted into money. This was
an equitable conversion of the real into personal property, with
all the incidents of personal property.—1 Sto. Eq. Jur., § 790 *et
seq.* But this equitable conversion could not and did not take
effect, until, by the terms of the will, the land could be sold.
This, as we have seen, could not be, until the youngest child
arrived at age, or married. Till then it was realty, with all the
rights and incidents which attach to lands. The title was in
the heirs by descent, and until the land was sold under the
power in the will, or wanted and claimed by the personal
representative, to be sold for distribution under the will, they,
the heirs, could recover the land in a suit at law. Being at
that time, in equity as well as at law, real estate, the heirs at
law had no right or pretense for going into equity to recover
the possession. Nor can we perceive how the heirs, or any
number of them, and the personal representative can assert a
common right to the land. The heirs can only claim by
descent. The personal representative can only claim in trust.
When the right of the latter accrues and is asserted, the right
of the former as heirs to the land, as land, ceases. So, it is
improper for them to sue jointly. It is, therefore, not neces-
sary that we should inquire whether the administrator, if he
had sued alone as such, could maintain a bill for the purpose
of selling the land, and completing the administration of this
estate. The time for such sale had not arrived, and he did not

sue alone. Complainants claiming a common recovery must show a common right ; and failing to do so, the suit must fail. *Jones v. Reese*, 65 Ala. 134. N. L. Massey, as an individual, can recover only as an heir at law, and upon his legal title descended. And he can recover only his individual interest. As administrator, when the proper time arrives, if not barred, he can recover the entire property, for the purpose of its sale, and distribution of the proceeds, pursuant to the directions of the will.—*Fambro v. Gantt*, 12 Ala. 305 ; *Ikleheimer v. Chapman*, 32 Ala. 676. The two interests are antagonistic and incompatible.—*McKay v. Broad*, 70 Ala. 377.

It results from what we have said, that the chancellor did not err in dismissing complainant's bill.

It is contended for appellant that the chancellor should not have dismissed the bill absolutely, but should have given leave to amend. The decree of dismissal in this cause was rendered in vacation, and, under our rulings, it was error to dismiss, without offering complainant an opportunity to amend.—*Bishop v. Wood*, 59 Ala. 253 ; *Kingsbury v. Milner*, 69 Ala. 502. We can not affirm that it is impossible to amend this bill so as to give it equity.

Reversed and remanded.