(84 South. 750)

## McCLELLAN v. McCLELLAN et al.

(5 Div. 740.)

(Supreme Court of Alabama. Dec. 18, 1919.)

1. EQUITY ⊂⊃105 — COCOMPLAINANTS MUST HAVE COMMON INTEREST.

Cocomplainants must have a common interest in the subject-matter of the suit in order for both to be entitled to relief, though the unity of the bill does not require that each complainant or defendant shall have an equal or coextensive interest.

2. EQUITY ⊂⊃105—BILL BY WIDOW AS ADMINISTRATRIX AND AS HEIR NOT DEMURRABLE FOR MISJOINER OF PARTIES.

Bill by widow, administratrix of husband, wherein she joined as his heir against his father and others on account of fraud inducing her to invest the proceeds of a judgment for death of the husband in certain land, and to confirm the investment and get the title made to her individually, *held* not demurrable for misjoinder of parties complainant.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

Bill by Mrs. Nettie McClellan, as an individual and as administratrix of the estate of Oscar McClellan, deceased, against J. E. McClellan and others, to declare a resulting trust in land. From decree overruling demurrer to the bill, respondents appeal. Affirmed.

The bill alleges that oratrix is the widow and heir at law of the estate of Oscar McClellan, deceased, and that as such she receives the sum of $4,500; that J. E. McClellan is the father of Oscar McClellan, and assisted her in procuring her money as damages for the death of her husband from the Mt. Vernon Woodbury Mills, and that said

J. E. McClellan represented to her that the said mills required as a condition for the settlement that one-half the damages so paid should be invested in land, which representation is alleged to have been false, but that, believing the truth of said representation, she delivered to J. E. McClellan one-half of said money so received to invest in real estate in her name; that later McClellan came to her, stating that he had purchased certain lands for her, and that he would pay $2,000 of the money already received from her, and that it would be necessary for her to pay $1,000 more in payment of the land. The bill then sets forth the land alleged to have been purchased by J. E. McClellan with money furnished by Mrs. Nettie McClellan, and avers that, in fraud of her right and contrary to his representation, J. E. McClellan took title in his own hands, has possession of the deed, and that she has no way of obtaining possession thereof. The deed contains other matters not necessary to here set out. The demurrers are want of equity in the bill, multifariousness in that it seeks to declare a trust in land and also for a money judgment, and misjoinder of parties complainant in that as an individual Nettie McClellan has no interest in the subject-matter of the suit, and that as administratrix she has no interest in the subject-matter of the suit.

Smoot & Morrow, of Wetumpka, for appellant. There was a misjoinder of parties complainant. 5 Michie, Dig. 536; 14 Ala. 135; 34 Ala. 437; 69 Ala. 385; 73 Ala. 421.

J. M. Holley and B. K. McMorris, of Wetumpka, for appellee. There was no misjoinder of parties complainant. 16 Cyc. 181, 183, and 193; section 3212, Code 1907.

ANDERSON, C. J. [1] It is a well-recognized rule of pleading that cocomplainants must have a common interest in the subject-matter of the suit in order for both to be entitled to relief, though it is not essential to the unity of the bill that each complainant or defendant shall have an equal or coextensive interest in the entire subject-matter of the litigation. Michie's Dig. vol. 5, pp. 536–537.

[2] The bill in the present case is filed by the complainant as personal representative, and also as sole heir, of her deceased husband. It sets up a conversion by her of the personal property of the estate through the fraud and misrepresentation of the respondent, but, instead of repudiating the purchase of the land, confirms the same by seeking to declare a resulting trust and a correction of the title. She would unquestionably be permitted to proceed as administratrix for the purpose of redressing the wrong practiced upon her as such, but the heir would not be bound by the conversion or reinvestment of the money of the estate in land, or by a decree requiring the correction and execution of a proper conveyance, unless she elected to do so as party to the suit, or otherwise. Therefore, in order to fully adjust the controversy and give finality to the decree, there was no impropriety in the joinder of the complainant as the heir for the purpose of confirming the investment of the money in land and getting the title made to her individually, while as administratrix she is, of course, interested in protecting the estate against the result of the fraud practiced upon her as such. It is true that in this case the complainant is the sole heir of her deceased husband, and the funds were not subject to the claim of his creditors, but this does not alter the general principle that an heir is not bound by a conversion or devastavit of the administrator unless ratified or confirmed.

The case of Massey v. Modawell, 73 Ala. 421, is unlike the instant case. It was there held that a suit involving the right to recover land, in law or equity, should be by the heir alone. Here we have a bill, not to recover land, but to correct or redress a misapplication of the money of the estate by the personal representative joined by the heir who is willing to ratify the investment and procure a good title to the land.

The decree of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BROWN, JJ., concur.