# Stoudenmire  *v.*  DeBardelaben.

*Bill in Equity to open and re-state Final Settlement of  Guardian's Accounts.*

1.  *Equitable relief against probate decree.*—When a party invokes the statutory jurisdiction of the Chancery Court, for the correction of errors of law or fact in a settlement had in the Probate Court (Code, §§ 3837–39), he must affirmatively show that he was free from fault or neglect; and he can not have relief against the settlement, on account of matters which were cognizable in the Probate Court, on a mere general averment of ignorance, or an averment of ignorance coupled with an admission of knowledge of facts sufficient to put him on inquiry.

2.  *Dismissal of bill on demurrer, in vacation.*—When a bill is dismissed on demurrer, in vacation, the complainant should be allowed an opportunity to amend it; and the failure to allow him such opportunity will work a reversal of the decree on error.

APPEAL from the Chancery Court of Autauga.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 2d June, 1882, by Jefferson D. Stoudenmire, against his late guardian, Warren L. DeBardelaben; and sought to open a final settlement of the guardian's accounts, which had been made in the Probate Court of said county, on the 9th May, 1881, and to have the accounts re-stated and settled.  The complainant's estate consisted principally of a plantation in said county, which he inherited from his father, and which contained about seven hundred acres, the greater portion being open and tillable land.  Letters of guardianship were granted to said DeBardelaben, jointly with the complainant's mother, whom he had married, in December, 1871.  The complainant attained his majority on the 9th April, 1882, but his disabilities on account of infancy were removed by a decree of the Chancery Court, rendered in May, 1879, prior to the settlement.  The allegations of the bill, on which the prayer for relief was founded, were in these words:

"Complainant avers that said DeBardelaben, on qualifying as guardian as aforesaid, took possession of complainant's said plantation, used and occupied it, farmed on it, and rented it out for his own account, up to the date of said final settlement; that the value of the use and occupation of said place, including the rents of such parts thereof as were rented out by said De-Bardelaben, was and is worth the sum of $700, or other large sum of money, *per annum*, but said DeBardelaben has only accounted, in his said guardian's accounts, for about the sum of

[Stoudenmire v. DeBardelaben.]

$105 *per annum* as the rent of the same. The said DeBardelaben pretends that he, as guardian, rented said place to himself individually, and that the rents reported by him were the highest and best rents that could be obtained; but complainant avers that said guardian had no right to rent said lands to himself, and that the said rentings are voidable at his election; and he here now elects to avoid them. Complainant avers, also, that said rentings were not *bona fide*, in this: that said guardian, in offering said lands for rent, required, as a condition of the lease, that the renter should make improvements of an expensive kind; which condition deterred other persons from bidding, and enabled the said guardian to get the said lands at the said nominal sum of about $105; and that said offerings of said place were so made with the purpose aforesaid of obtaining said lands at a nominal rent; and that the improvements stipulated to be erected by other persons, should they become renters, were not erected by the said guardian when he became the renter. Complainant further avers, that said DeBardelaben, while acting as guardian as aforesaid, committed waste upon complainant's said place, in this: that he tore down and removed therefrom, to his own land, a valuable gin-house, of the value of (to-wit) $500; and that he has omitted, in his accounts as guardian, to charge himself with the said sum of $500, or with any other sum, as the value of the house so removed. Complainant avers that the matters and things in this paragraph [alleged] were unknown to him at the time of said final settlement; and that mistakes and errors, to his prejudice, have occurred in the settlement of said guardian's accounts, without any fault or neglect on his part; and that said errors consist in the fact, that said guardian did not charge himself, as he should have done, with the value of the said gin-house, and that he charged himself with only the nominal sum for which he rented said place to himself individually; whereas complainant should have the election to charge him with the value of the use and occupation of said place annually, which he avers was more than five times greater than the rents with which said guardian charged himself."

The chancellor sustained a demurrer to the bill, and dismissed it on motion for want of equity; and his decree, which was rendered at chambers, in vacation, is now assigned as error.

GUNTER & BLAKEY, for the appellant.—(1.) The allegations of the bill show a clear case for equitable relief against the settlement.—*Mock v. Steele*, 34 Ala. 200; *Beaumont v. Boultbee*, 5 Vesey, 492; Freeman on Judgments, § 114. (2.) The decree must be reversed, because no opportunity to amend was given to the complainant.—*Little v. Snedecor*, 52 Ala. 167.

[Stoudenmire v. DeBardelaben.]

BRICKELL, C. J.—1. We concur in the opinion of the chancellor, that the bill does not disclose a case in which a court of equity has jurisdiction to open a settlement of a guardian's accounts had in the Court of Probate. The jurisdiction conferred on the court by the statute, to intervene for the correction of errors of law or fact in such settlements (Code of 1876, §§ 3837–39), can not be invoked by any other party than one who is free from fault or neglect. The errors complained of must not have supervened in consequence of any want of reasonable diligence in the party complaining.—*Otis v. Dargan,* 53 Ala. 178; *Waring v. Lewis, Ib.* 615; *Boswell v. Townsend,* 57 Ala. 308; *Bowden v. Perdue,* 59 Ala. 409. The matters complained of in the original bill, were all cognizable by the Court of Probate, on the final settlement of the guardianship in that court, and are necessarily involved in the decree then pronounced. The only excuse now averred for not presenting them to the court for consideration, and obtaining the relief now sought, is the averment of the ignorance of the complainant,—an ignorance superinduced, not by any positive misrepresentation of the guardian, but by his failure to charge himself as he ought to have done in his accounts rendered on the settlement. It is not by a mere general averment of ignorance, nor by an averment of ignorance though the party had knowledge of facts that ought to have put him on inquiry, that the imputation of negligence can be repelled.—*Martin v. Br. Bank Decatur,* 31 Ala. 111; *James v. James,* 55 Ala. 525. The complainant knew the sums with which the guardian charged himself for rents. If these were, as is now averred, so disproportionate to the real value of the rents, he was at once put on inquiry as to the conduct of the guardian in renting the lands; and inquiry would doubtless have led him to knowledge of all the facts upon which he now bases a claim for relief. The judgments or decrees of a court of competent jurisdiction are of too much value, to be set aside at the instance of a party who has not been diligent in the assertion of the rights he may have involved in them.

2. But, in rendering in vacation a decree dismissing the bill, not affording the complainant the opportunity of amendment, the chancellor erred, and the error compels a reversal of the decree.—*Kingsbury v. Milner,* 69 Ala. 502.

Reversed and remanded.