# Cherry, Smith & Co. *v.* Herring.

*Statutory Action in nature of Ejectment.*

1. *Delivery of deed.*—The possession of a deed by the grantee at any time, unexplained, raises the presumption of a delivery to him, and makes it operative as a conveyance; and it can not be shown that it was delivered to him as an escrow only, to become valid and operative as a conveyance only on the happening of a subsequent event; but it may be shown that the deed was handed to the grantee on meeting the grantor in the street, and that the parties immediately went to the office of an attorney, who was to procure a loan for the grantee, out of which the balance of purchase-money due to the grantor was to be paid, and

[Cherry, Smith & Co. v. Herring.]

who was to hold the deed as an escrow until this was done; and the deed being thus delivered to the attorney, who failed to procure the loan, or to pay the balance of purchase-money due, it never became operative as a conveyance.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by the appellants, suing as partners, against Warren Herring, to recover the possession of a tract of land particularly described in the complaint; and was commenced on the 5th January, 1883. The defendant pleaded not guilty, and the cause was tried on issue joined on that plea. Both parties claimed title under conveyances from Thomas J. Stephens; the plaintiffs, under a deed dated the 18th November, 1881, which was produced, and the due execution of which was proved; and the defendant, under a deed dated November 7th, 1881, the loss of which was proved. The due execution and acknowledgment of this deed, on the day of its date, were admitted; and it was proved to have been left by the parties, on the next day, in the possession of Geo. W. Hooper, since deceased, who was the plaintiff's attorney; the disputed question being, whether there had ever been a delivery of this deed to the grantee himself. Stephens testified, on behalf of the defendant, that he had sold the land to the defendant several years before, and had executed to him a bond for titles; and that on the morning of the 8th November, having signed the deed the day before, he came to Opelika by agreement with the defendant and Hooper, who was to procure a loan of money on the faith of the land, out of which the balance of purchase-money due him ($125) was to be paid; that he met the defendant on the street, and handed him the deed, and defendant delivered up to him the bond for title; that they at once went together to Hooper's office, and delivered the deed to him; that Hooper then made an indorsement on the paper, stating the agreement under which it was left with him; that the loan was never procured by Hooper, the balance of purchase-money never paid, and the deed never afterwards delivered to the defendant. The court held that the deed, having been placed in the possession of defendant by Stephens, became valid and operative as a conveyance; and excluded the evidence as to the subsequent delivery to Hooper, which the plaintiff sought to bring out on cross-examination of the witness. In consequence of this ruling, to which the plaintiffs excepted, they were compelled to take a nonsuit;

[Cherry, Smith & Co. v. Herring.]

and they now assign the exclusion of this evidence as error, and move to set aside the nonsuit.

·A. & R. B. BARNES, and GEO. P. HARRISON, Jr., for the appellants, cited Devlin on Deeds, vol. 1, § 317; *Alexander v. Alexander*, 71 Ala. 295.

JNO. M. CHILTON, *contra*, cited *Williams v. Higgins*, 69 Ala. 517; 3 Washb. Real Property, 285, 298.

STONE, C. J.—We do not question the doctrine, so firmly established, that a deed can not be delivered to the grantee, to be held by him as an escrow, and to become valid and binding as a conveyance, only on the happening of an event to transpire afterwards.—*Williams v. Higgins*, 69 Ala. 517; 1 Dev. on Deeds, § 314; 3 Washb. Real Property (5th Ed.), 317; *Firemen's Ins. Co. v. McMillan*, 29 Ala. 157; *Simonton's estate*, 4 Watts, 180.

It is generally true, that a paper, on its face a deed, though formally executed in all other respects, is nevertheless inoperative as a deed, if there has been no delivery to the grantee. Delivery, however, need not be positively proved. It is often inferred from circumstances, not the least frequent of which, in its occurrence, is the possession of the deed by the grantee. Many other acts or facts justify the presumption of delivery, but we need not enumerate them.—3 Brick. Dig. 298, §§ 25, 26, 27; 1 Dev. on Deeds, §§ 260 *et seq.*; 1 Brick. Dig. 531; 3 Washb. Real Property (5th Ed.), 304.

When the testimony is indeterminate, the inquiry of delivery *vel non* is one of intention, to be determined by the jury.—*Alexander v. Alexander*, 71 Ala. 295; *Murray v. Stair*, 2 Barn. & Cress. 82; 1 Dev. on Deeds, §§ 262-3.

The fact that the grantee acquired, or at some time had the possession of the deed, unexplained, raises the presumption that it was delivered to him by the grantor, and that it thereby became operative as a conveyance. We have shown above that this presumption can not be overturned, by proving that it was delivered to him as an escrow, to become a conveyance on the happening of some future event. The reason assigned for this ruling is, that when a grantor delivers to a grantee a deed formally executed in all other respects, each of the two parties has then performed every act which he proposes to do, or can do, in reference to the execution of the paper; and these acts, without more, raise the legal pre-

sumption that the conveyance is fully executed.  Doing or
not doing the outside thing, upon which the effect of the
delivery as a complete execution of the deed is to depend, is
not a proposition to do anything further with the deed. The
naked offer is, to prove a contemporaneous, oral agreement,
that unless some outside, collateral, unwritten stipulation is
complied with by the grantee, then this possession shall,
*ipso facto*, be treated as no proof of delivery, and the instru-
ment as no deed.  To allow this, would be to permit the
legal effect of a deed, complete to all outside appearance, to
be varied, and in many instances defeated, by oral proof of
an agreement not embraced in the writing.

In the case we have in hand, the testimony offered would
have tended to show that the deed was handed to Herring,
the purchaser, at a point near Hooper's office, and the two
parties then went in company to Hooper, and delivered the
deed to him; that Hooper indorsed on the deed that it was
delivered to him as an escrow, to be delivered to Herring when
one hundred and twenty-five dollars should be paid by Herring
to or for Stephens; and that the money was never paid, and
the deed was never afterwards in the hands of Herring.  Hooper
is dead, and the deed was not produced.  It has probably
been destroyed or lost.  This testimony, if received, would
have tended to show the foregoing state of facts—that the
delivery to Hooper was made by the consent of both parties,
with the agreement and understanding which was expressed
in his indorsement, and that the delivery of the deed by
Stephens to Herring, if not made that the latter might in-
spect it, was at most made with the understanding that it
should be carried to Hooper, and placed with him as an
escrow.

We need not, and do not, decide what would be our ruling,
if Herring had kept the deed, and had never delivered it to
Hooper.  That question is not before us.  We do hold, how-
ever, that the testimony offered should have been received;
and if it proves that the delivery and deposit with Hooper
were made as offered to be shown, and with the agreement
and understanding that Hooper should hold the deed as an
escrow, then the handing of the deed by Stephens to Her-
ring was not a delivery, and the deed did not thereby become
an executed conveyance.  Left as the deed was with Hooper,
Herring could not have obtained possession of it until some
other act was done—namely, a delivery of it by Hooper.

[East Tenn., Va. & Ga. R. R. Co. v. Kennedy.]

This presents all the elements of an escrow, not in Herring's possession, but in Hooper's.

In *Gilbert v. North Amer. Fire Ins. Co.*, 23 Wend. 43, it was ruled, that "leaving a deed in the hands of the grantee, to be by him transmitted to a third person, to hold in escrow until the happening of a certain event, is not a delivery to the grantee, so as to vest title in him."—S. C., and note, 35 Amer. Dec. 543. The same doctrine is declared in *Fairbanks v. Metcalf*, 8 Mass. 230, and in *Brown v. Reynolds*, 5 Sneed, 639. This doctrine is asserted without disapprobation in 1 Dev. on Deeds, § 317. And in section 271, the same author says : "A delivery of a deed for inspection, or a delivery to the grantee or his agent, to be held while the grantee has under consideration the proposition whether he shall accept it or not, is not a valid delivery." And Washburn, 5th Ed. vol. 3, 317, says: "A deed can never be an escrow, if delivered to the grantee himself, unless for the express purpose of being handed to another person." These principles we consider sound and conservative, and we adopt them.

The rulings of the Circuit Court are in conflict with our views.

Reversed, nonsuit set aside, and cause remanded.