[Blackburn, *et al.* v. Fitzgerald, Admr. *et al.*]

# Blackburn *et al.* *v.* Fitzgerald, Admr. *et al.*

*Bill in Equity to be made Parties to Pending Suit.*

1. *What necessary for beneficiaries under trust to secure its en-
forcement; rights of heirs at law against administrator of
estate.*—The beneficiaries under a trust have no right to
proceed by bill in equity to enforce their equitable rights,
without having first moved the trustee to act, and having
failed to secure such action on his part; and the relation of
heirs at law of an intestate to the administrator of his es-
tate, is that of beneficiaries under a trust, and as such, they
can not proceed by bill in equity for the enforcement of
equitable rights, until they have sought to obtain relief by
the trustee, and he fails to grant it.

2. *Heirs at law of an intestate; right to maintain bill to be made
parties to a suit against the administrator of the intestate.*
Where a bill has been filed by the administrator of a deceased
partner against the administrator of the other partner, to
compel a settlement of the partnership between the two in-
testates, and it is averred in said bill that the assets of said
partnership consisted exclusively of personal property, the
heirs at law of the deceased partner, whose administrator is
defendant to such bill, can not, pending said suit, maintain
a separate bill for the purpose of being made parties defend-
ant to the original suit, in the absence of averment or charge
that said defendant administrator has ever been notified or
requested by them to make a defense to said bill, or by the
further charge of fraud or collusion between the adminis-
trators in such original suit, or averment that the relations
between said administrators are such that it is probable no
*bona fide* effort would be made to defend the suit.

3. *Equity pleading; when motion to dismiss bill should be sus-
tained.*—The test as to when a motion to dismiss a bill for
the want of equity should be sustained, is not whether it is
possible for the bill to be amended so as to give it equity,
but such motion should be sustained if, admitting the facts
apparent on the face of the bill, whether well or illy pleaded,
the complainant is without the right of equitable relief.

[Blackburn, *et al.* v. Fitzgerald, Admr. *et al.*]

(HARALSON and TYSON, JJ., *dissenting;* and TYSON, J., *further dissents* upon the ground that in this case, the cause being submitted in vacation, on the demurrers and motion to dismiss for the want of equity, and the decree sustaining said motion being rendered in vacation, the bill should not have been dismissed, without first affording the complainant an opportunity to amend.)

APPEAL from the Chancery Court of Perry.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellants, as heirs at law of W. H. Blackburn, deceased, against the appellees, J. T. Fitfigerald, as administrator of the estate of W. H. Blackburn, deceased, Samuel A. Nelms, administrator of the estate of Sydney S. Blackburn, deceased, and Lilly Blackburn, the widow of Sydney S. Blackburn, deceased, and Sydney Blackburn, the minor child of Sydney S. Blackburn, deceased. The purpose of the bill and the facts averred therein are sufficiently stated in the opinion.

On the submission of the cause in vacation, upon the demurrers interposed to the bill and the motion to dismiss the bill for the want of equity, the chancellor rendered a decree in vacation sustaining the motion to dismiss for the want of equity, and ordered the bill dismissed. From this decree the complainants appeal, and assign the rendition thereof as error.

DEGRAFFENREID & EVINS, for appellant.—The motion to dismiss the bill for the want of equity, should have been sustained. However, if the bill was without equity as originally framed, it was susceptible of amendment to give it equity. This could be done by amending the bill so as to charge collusion between the said administrators and then the bill would certainly contain equity. *Kyle v. Mary Lee C. & R. Co.,* 112 Ala. 606; *Scholze v. Steiner,* 100 Ala. 149; *Bell v. Light Co.,* 103 Ala. 275; *Sherer v. Garrison,* 111 Ala. 228; *Hooper v. R. R. Co.,* 69 Ala. 533.

Under the allegations of the bill the complainants are proper parties without considering the special equities, which should admit them to defend were they not. 2 Black Com., 495, 515, note 28, p. 511; 24 Am. & Eng. Encyc. of Law, 347, note 1; *Hadley v. Kendrick,* 10 Lea.

525; *Waring v. Lewis*, 53 Ala. 630; *Whitehead v. Gibbon*, 10 N. J. Eq. 230.

The general and fundamental rule as to parties in equity is that all persons interested in the controversy which is the subject of the action, should be made parties.—15 Encyc. of Pleading & Practice, 616. Persons equitably or beneficially entitled are also properly made parties to suits in equity.—15 Encyc. Pl. & Pr., 593; *Caldwell v. Taggart*, 4 Peters, (U. S.), 190, 202; *Bland v. Freeman*, 29 Fed. Rep. 669. Persons consequentially affected by the decree sought have such an interest as renders them proper parties.—15 Encyc. Pl. & Pr., 601; *Ivory v. Kempner*, 21 S. W. Rep. 1006. These complainants are proper parties.—*Millsap v. Stanley*, 50 Ala. 324; *Handley v. Heflin*, 84 Ala. 604; *McCarthy v. McCarthy*, 74 Ala. 556; Story's Eq. Pl. 172; *Green v. Conrad*, 23 S. W. Rep. 839; *Ivory v. Kempner*, 21 S. W. Rep. 1006. Any one may be properly made a party whose interest in the matter before the court is such that the decree of the court may either immediately or remotely affect it.—27 Amer. & Eng. Encyc. of Law, 286, and notes, 292c; 1 Daniel Practice, 240.

J. H. STEWART and W. O. JOHNSON, *contra.*—Between the heirs at law of the intestates and the administrators of their estates, no privity exists.—*Scott v. Ware*, 64 Ala. 183; *Sullivan v. Lawler*, 72 Ala. 73; 1 Brick. Dig. 932, § 261.

The Nelms case is a suit by the administrator of a deceased partner and against the administrator of a surviving partner, for the settlement of the partnership accounts. The administrators of the two estates are alone necessary or proper parties. The remedy of the heirs, distributees and creditors is against the personal representative of such deceased partners alone.—15 Encyc. of Plead. & Prac. 1071, notes 3 and 4.

Such administrators are bound to act in good faith, and to the exercise of that skill and diligence which an ordinarily prudent man bestows on his own similar private aairs.—*Moore v. Randolph*, 70 Ala. 575; 3 Brick. Dig. 478, § 366.

Beneficiaries will be allowed to intervene to protect their own interests in suits affecting the trust property, as, for instance, in suits by or against trustees, but only when the trustee is alleged to have acted in bad faith, or to have failed or refused propertly to represent their interests.—11 Encyc. of Plead. & Prac., 500, and notes 1 and 2.

The heirs at law and distributees cannot become parties in the Nelms suit, unless in the discharge of his duties Fitzgerald has been negligent to the injury of the heirs or distributees, has committed fraud, or been guilty of collusion or combination in the management of the estate; or at the request or demand or motion from the heirs or distributees to make new or different defense to the Nelms suit than that which he is making has been made on him and by him has been refused. *Bailey v. Selden,* 112 Ala. 599; *Sullivan v. Lawler,* 72 Ala. 68; *Arnett v. Bailey,* 60 Ala. 435; *Bridges v. Phillips,* 25 Ala. 136; *Duncan v. Simmons,* 2 S. & P., 356; *Robinson v. Maudlin,* 11 Ala. 977; 1 Brick. Dig., 932, §§ 261, *et seq; Fretwell v. McLemore,* 52 Ala. 124; *Wright v. Long,* 66 Ala. 389-397; 15 Encyc. of Plead. & Prac., 1071-1072, and n. 1, 1072.

DOWDELL, J.—The sole purpose of the bill in this case is to admit the complainants to come in as parties defendants and to defend in the case of Samuel L. Nelms, administrator of Sydney S. Blackburn v. J. T. Fitzgerald, Admr. of W. H. Blackburn, pending in said chancery court of Perry. This last named bill was filed solely for the settlement of a partnership between the said Sydney S. Blackburn and W. H. Blackburn carried on during their lifetime, and it is averred in said bill that the assets of said partnership consisted exclusively of personal property. The complainants in the present bill aver that they are heirs-at-law of the said W. H. Blackburn, deceased, and that they are beneficially interested in his estate. They also aver that the partnership which at one time existed between the said Sydney S. and W. H., who were brothers, was wound up and settled before the death of the said Sydney S., who died first, and that there is now no unsettled part-

nership to be wound up and settled. They also aver that the defendant administrator, Fitzgerald, in the former suit has filed an answer to said bill admitting the existence of an unsettled partnership as charged in said bill. There is, however, no averment or charge that said defendant administrator has ever been notified or requested by these complainants, or either of them, to make the defense *of no partnership,* against said bill, nor is there any charge of fraud or collusion between said administrators in said suit, nor any averment that the relations between the said administrators are such that it is probable no *bona fide* effort would be made to defend the suit.

In the bill for the settlement of the partnership, the assets of the partnership consisting exclusively of personal property, the administrators of the deceased partners were the only necessary parties.—*Moore v. Huntington,* 17 Wall. 417; Hawes' Parties to Actions, § 25. The relation of the parties, as heirs-at-law of W. H. Blackburn, deceased, to the administrator of his estate, was that of beneficiaries under a trust, and as such, before they can proceed by bill in equity for the enforcement of equitable rights, they must first move the trustee to act, or show some sufficient reason for the failure to do so.—*Bailey v. Selden,* 112 Ala. 594; *Arnett v. Bailey,* 60 Ala. 495; *Bridges & Co. v. Phillips,* 25 Ala. 136. In order to maintain such a bill by the beneficiaries, they must aver the facts which bring the case within the exception.—*Bailey v. Selden, supra; Sullivan v. Lawler,* 72 Ala. 73. No sufficient reason is shown by any statement or averment in the bill which would withdraw the complainants from the general rule and bring them within the exception as laid down in the above authorities.

The bill was submitted for decree upon demurrer and motion to dismiss the same for want of equity. There was no consideration of the demurrer by the chancellor, and his decree was rendered on the motion to dismiss the bill, that motion being sustained. It is now contended by appellants that the dismissal of the bill on motion for want of equity was erroneous, inasmuch

as the bill might have been amended so as to give it
equity, and in support of this contention appellants
rely for authority upon the cases of *Seals v. Robinson &
Co.*, 75 Ala. 368-9; *Kyle v. Mary Lee Coal & Railway
Co.*, 112 Ala. 606; *Scholze v. Steiner*, 100 Ala. 149; *Bell
v. Light Co.*, 103 Ala. 275; *Scherer v. Garrison*, 111 Ala.
228; *Hooper v. S. & M. Ry. Co.*, 69 Ala. 529.

In *Seals v. Robinson & Co.* it was said: "A motion to
dismiss for want of equity is not the equivalent of a
demurrer, nor is it appropriate to reach mere defects
or insufficiencies of pleading curable by amendment,
which is matter of right at any time before final decree.
It should be entertained only when admitting the facts
apparent on the face of the bill, whether well or illy
pleaded, the complainant is without right to equitable
relief. When it is apparent, if the facts were well
pleaded a case for relief would exist, the defendant
should be put to a demurrer specifying the ground of
objection, affording the complainant the opportunity
of removing them by amendment;" citing *Hooper v. S.
& M. Ry. Co.*, 69 Ala. 529. The other cases cited above
reiterate the same principle. In *Scholze v. Steiner*,
*supra*, p. 152, it was held that where the bill failed to
state the facts, but averred conclusions, that it should
not be dismissed upon motion, but the defendant should
be put to his demurrer, as the bill showed equity on its
face and was open to amendment by averring the facts
upon which the conclusions stated were based.

In addition to cases already cited, in the following
cases the rule as laid down in *Seals v. Robinson & Co.*,
*supra*, has been followed: *Glover v. Henry*, 82 Ala. 324;
*Harland v. Pearson*, 93 Ala. 273; *Pate v. Hinson*, 104
Ala. 599; *S. & N. A. R. R. Co. v. H. A. & B. R. R. Co.*,
117 Ala. 395; *Brown v. Mize*, 119 Ala. 10; *Sullivan v.
Vernon*, 121 Ala. 393; *Gardner v. Knight*, 124 Ala.
273. While cases may be found in which loose expres-
sions occur, that a motion to dismiss should not be
entertained, if the bill is capable of amendment so as
to give it equity, yet we have not been able to find any
decision by this court, that goes to the extent of hold-
ing that a motion to dismiss, is not the appropriate
remedy, where from the averment of facts, whether

well or illy pleaded, the bill fails to show equity on its face. The test is not that it is possible for a bill to be amended so as to give it equity, for it is difficult to conceive of a bill which may not be so amended by averment of new or additional independent facts as to impart to it equity. If such were the test there would be no office for a motion to dismiss for want of equity to perform. But the true test is that laid down in *Seals v. Robinson & Co., supra,* and the cases following that authority, if admitting the facts *apparent* on the face of the bill, the bill is still without equity, then it is subject to be dismissed on motion. The present bill is wanting in the averment of facts which make it apparent on the face of the bill that the complainants are entitled to equitable relief. No error was committed in sustaining the motion to dismiss, and the decree of the chancellor is affirmed.

Justices HARALSON and TYSON dissent from the conclusion reached on the motion to dismiss the bill for want of equity, and cannot concur in the reasons given by which that conclusion was reached. TYSON, J., desires to say further that the record shows that the submission on the motion to dismiss was in vacation. Since the case of *Kingsbury v. Milner,* 69 Ala. 505, the rule has been that notwithstanding the facts shown by the bill, after considering all amendable defects as cured, do not make a case for equitable relief, still as the right of amendment is conferred by statute, the court cannot dismiss the bill without affording to the complainant an opportunity to exercise this right. Code, § 704 *et seq.* And this opportunity is not afforded when the submission is for decree in vacation. "To hold otherwise would be, in effect, to adopt the legal dogma of professional infallibility, which would render nugatory the necessity of all amendments" and to strike down the *right* conferred by the statute.

In *Kingsbury v. Milner, supra,* the bill was filed by a vendor of land who had conveyed with warranty to enforce the vendor's lien and to make the defendant responsible for *waste.* It appeared from the bill that

his vendees had been evicted by title paramount, and that they were suing him for breach of covenant in his deeds, and it was sought to enjoin these suits. The court said: "It requires no argument to show that a bill seeking to enforce such a claim is *entirely devoid of equity.*" But the decree was reversed because the chancellor on sustaining the demurrer to the bill, *dismissed the bill in vacation* without giving leave to amend. This doctrine was applied and enforced in the following cases: *Stoudenmire v. DeBardelaben,* 72 Ala. 300; *Shackelford v. Bankhead, Ib.* 476; *Massey v. Modawell,* 73 Ala. 421; *Goodlett v. Kelly,* 74 Ala. 213; *Gilmer v. Wallace,* 75 Ala. 220; *Wright v. Dunklin,* 83 Ala. 317; *Kyle v. McKenzie,* 94 Ala. 236; *Martin v. Kelly,* 113 Ala. 577.

This rule has no application to a dismissal in term time when the right to amend is not claimed. For the reason that the party being in open court, has the apportunity to exercise his right and his failure to ask leave to amend will be construed as a waiver of that right.—*Buford v. Ward,* 108 Ala. 307.

The complainant's right to amend being a matter of right and limited only to his not making an entirely new case or a radical departure from his original cause of action or working an entire change of parties, I do not see how it is possible to say in advance of the amendment which he may offer, that he has no such right.

I have been unable to find, after diligent search, a single case in our reports where a decree dismissing a bill in vacation, without giving the complainant the right to amend, has been sustained. And I do not believe that one can be found. This point was not considered by Justice DOWDELL in his opinion. He seems either to have overlooked it or to have regarded it not worthy of consideration.