[Merritt v. Alabama Pyrites Co., *et al.* and Alabama Pyrites Co., *et al.* v. Merritt.]

# Merritt *v.* Alabama Pyrites Co., *et al.* and Alabama Pyrites Co., *et al.* *v.* Merritt.

## Bill to Quiet Title.

[DECIDED NOV. 30., 1905. 40 So. REP. 1028.]

1. *Venue; Mode of Raising Question; Motion to Dismiss.*—A motion to dismiss a bill for want of equity as to certain defendants, made by them, properly raises the question of venue as to them.

2. *Quieting Title; Bill; Want of Equity.*—A bill filed on behalf of all stockholders alleging that a corporation in which complainant was a stockholder owns certain lands, but for a number of years the corporation had ceased business and abandoned its organization; that certain parties claimed some interest in these lands; that such interests, whatever it was, was inferior to and subordinate to the title of the corporation, and praying that the title to the land be quieted, and that the land be sold, is wanting in equity, it not being made to appear that complainants had actual or constructive possession, or that defendants had disturbed any of complainant's rights therein.

3. *Equity; Bill; Multifariousness.*—The bill shows that those defendants who it alleges claim an interest in the lands were adverse claimants to complainant, and had no interest in the trust estate sought to be executed, which renders the bill multifarious on account of misjoinder of parties defendant.

4. *Same; Dismissal.*—Where a bill cannot be amended so as to give it equity as to certain defendants, it is proper to dismiss it as to them without giving opportunity to amend.

5. *Appeal; Parties Entitled to Appeal; Parties Affected.*—Where a bill was dismissed for want of equity as to certain defendants, they cannot be heard to assign error on a cross appeal from a subsequent decree.

6. *Equity; Dismissal of Bill; In Vacation.*—Where the equity of a bill is directly challenged by motion, it may be dismissed for want of equity in vacation as well as term time.

APPEAL from Montgomery City Court.
Heard before Hon. A. D. SAYRE.

[Merritt v. Alabama Pyrites Co., *et al.* and Alabama Pyrites Co., *et al.* v. Merritt.]

This is a suit by Fisher H. Merritt as administrator v. Alabama Pyrites Co., et al., seeking to quiet title to the lands mentioned in the bill. The chancellor dismissed the bill as to the Clay county defendant, and granted relief to complainants, as to the other defendant. Merritt appealed from the decree dismissing the bill as to the Clay county defendants and the other defendants filed a cross appeal as to the decree granting complainant's relief. The facts sufficiently appear in the opinion of the court.

GUNTER & GUNTER, for appellant on original appeal and appellee on cross appeal.—On the question of the dismissal of the bill as to the Clay county defendants, the following authorities are cited.—3 Brickell's Dig. 399, Sec. 523; *Stoudemire v. DeBardelaben*, 72 Ala. 300; *Shackleford v. Bankhead*, Ib. 476; *Martin v. Kelly*, 113 Ala. 579; *Brown v. Mize*, 119 Ala. 10-22; *Blackburn v. Fitzgerald*, 130 Ala. 591; 1 Danl. Ch. Prac., 321 and 325; *Ponsford v. Hankey*, 3 D. G. F. & J.; 556; Equity Plead. and Prac. by Fletcher, Chap. 5, Sec. 90.

As to laches, the following authorities are cited.—*Galliher v. Caldwell*, 145 U. S. 372; *First N. Bank v. Nelson*, 106 Ala. 535; *Scruggs v. Decatur Mineral & Land Co.*, 86 Ala. 177; *Rives v. Morris*, 108 Ala. 527.

The Clay county defendants having been dismissed, are not in position to complain, on cross appeal of the rendition of the final decree.—*Allen v. Allen*, 80 Ala. 154; Appellate Proceedings, by Elliott, Chap. 27; *Ex parte City Council of Montgomery*, 114 Ala. 115; Black on Judgments, §§ 170, 218.

WHITSON & DRYER, J. M. FALKNER and GEORGE W. JONES, for appellees on direct appeal and appellants on cross appeal.—The lower court had the power within the thirty days to amend the decree. We admit the general rule on this question to be as is laid down in; *ex parte Hood*, 107 Ala. 520; but when the necessity arises, the rule yields to necessity.—*B. N. Bank v. Mayor*, 104 Ala. 641; *Cunningham v. Fountaine*, 25 Ala. 644; *Dow v.*

*Whitman,* 36 Ala. 604; *Farmer v. Wilson,* 33 Ala. 446; *Grub v. Blum,* 62 Tex. 426.

The bill is entirely wanting in equity, and it appears affirmatively that it cannot be made to contain equity.— *Tate v. A. F. L. M. Co.,* 132 Ala. 200.

Where the court has no jurisdiction of the subject matter, consent cannot confer it, and this court will dismiss the cause *ex mero motu.*—*Dean v. Oliver,* 131 Ala. 634; *Henderson v. Hall,* 134 Ala. 506; *Cowles v. Shaw,* 2 Ala. 496; *Thorn v. Gunn,* 123 Ala. 640; *Richardson v. The Bank,* 119 Ala. 286; *National Bank v. Dunn,* 102 Ala. 204; *Allen v. Pullman Car Co.,* 139 U. S. 658. The modern doctrine of the reversion of property when the corporation becomes dissolved or suffers civil death, is different from the ancient doctrine. It is not necessary that the corporation be judicially dissolved. It is sufficient that it be practically so.—*McDonald v. A. G. L. Insurance,* 85 Ala. 401; *C. A. & M. Association v. A. G. L. Ins. Co.,* 7 Ala. 134; *Nelson v. Hubbard,* 96 Ala. 244.

The statute of the State comprised in the present Code furnish a complete system for the marshaling and administration of its assets and they are exclusive of all other remedies.—*Nelson v. Hubbard, supra; People v. O'Brien,* 111 N. Y. 1; *Thompson v. Marginald Ry.,* 123 Mass. 32; *M. & O. R. R. Co. v. The State,* 29 Ala. 573.

DENSON, J.—The bill was filed by Fisher H. Merritt, as the administrator of the estate of Lucy G. Merritt, deceased, on the 22d day of June, 1904, in favor of himself as such administrator and of all stockholders in the corporation that was known as the Montgomery Mining & Manufacturing Company who might come in and make themselves parties complainant to the bill and contribute to the expenses of conducting the suit. The facts of the case are briefly these: On the 21st day of February, 1860, The Montgomery Mining & Manufacturing Company was incorporated by an act of the Legislature of Alabama. The capital stock of the corporation was fixed at $100,000 and was divided into shares of $100 each. The names of all the stockholders are set out, with the amount of stock owned by each of them. F. M. Gilmer,

one of the stockholders, transferred to the complainant's intestate the stock alleged to have been owned by her and to be the property of her estate. All of the stockholders, 12 in number, are long since dead, there being administration on the estates of only 3 of them. Charles Teasley is the administrator of the estate of William Taylor, deceased, and of William Gesner, deceased, and the complainant is the administrator of F. M. Gilmer, deceased. On the organization of the Montgomery Mining & Manufacturing Company it became the owner by sale and assignment of all of the property of the corporation known as the Montgomery Mining Company, whose stockholders were the same persons as the stockholders in the Montgomery Mining & Manufacturing Company. Upon said sale and assignment the Montgomery Mining Company ceased to do business. A part of the property sold and assigned to the Montgomery Mining & Manufacturing Company consisted of a large body of land in Clay county, Ala. The Montgomery Mining & Manufacturing Company by the ravages of the war between the states was so crippled that "some time prior to 1875 it ceased to do business, abandoned its organization, and all of the stockholders therein have been dead for many years." The said corporation continued in possession, up to the time of its dissolution and cessation of business, of its property, including the lands in Clay county. In the language of the bill: "The Alabama Pyrites Company, a corporation doing business in Clay county, Alabama, and one Percival H. Smith, and one A. O. Smith, claim some interest in said land; but whatever interest they have complainant avers is inferior and subordinate to the claim and right and title of the said Montgomery Mining & Manufacturing Company and the stockholders thereof represented in this suit by orator, who as the administrator of the said Lucy Merritt, deceased, is a stockholder in said last-mentioned company." The Alabama Pyrites Company, a corporation doing business in Clay county, Ala., Percival H. Smith and A. O. Smith, resident citizens of Clay county, Ala., and Charles B. Teasley, as the administrator *ad litem* of the estate of F. M. Gilmer deceased, are made parties defendant to the bill. All of

the officers of said corporation are long since dead. All the parties defendant reside in Montgomery county, except those named as residents of Clay county. The purpose of the bill was to have the title and right of the said Montgomery Mining & Manufacturing Company to the lands in Clay county, which are described in the bill, to the extent of its interest and right therein, whether a fee simple or otherwise, settled by a decree of the city court of Montgomery, and that such right, title, and property be sold, and the proceds, after the payment of the costs of the suit, distributed ratably among the stockholders of said corporation according to their several interests, and for general relief.

We will for convenience refer to the Clay county parties as the "Clay county defendants" in this opinion. The Clay county defendants severally demurred to the bill and moved to dismiss it for the want of equity. The chancellor in vacation, on the 12th day of September, 1904, rendered a decree dismissing the bill for the want of equity as to the Clay county defendants, without allowing any time for amendment to the complainant. No notice was taken of the demurrers in the decree. On the 27th day of September, 1904, the complainant made application for a rehearing. It appears from the record that the chancellor on the 31st day of October handed down an opinion in which he concludes that the bill was properly dismissed; but it seems that no decree overruling said application was enrolled or entered on the docket, so on the 28th day of December, 1904, the court handed down and had enrolled a decree overruling said application, in which is recited the fact that a decree was signed on the 7th day of November, overruling the application for a rehearing, but that said decree was not filed in the cause, nor noted on the docket, nor enrolled upon the minutes of the court. On the 2d day of January, 1905, the complainant perfected an appeal from the decree dismissing the bill as to the Clay county defend-ants to this court, which appeal has been duly certified by the register. On the 16th day of March, 1905, the bill was amended by making Charles B. Teasley administrator *ad litem* of the estate of all the deceased stockholders,

[Merritt v. Alabama Pyrites Co., *et al.* and Alabama Pyrites Co., *et al.* v. Merritt.]

naming them, whose estates are not represented by a personal representative a party defendant to the suit. All the defendants, except the Clay county defendants, filed answers admitting the allegations of the bill, and on submission for final decree the chancellor on the 16th day of March, 1905, rendered a decree granting the relief prayed for in the bill. On the 22d day of March, 1905, on application made by the Clay county defendants for a modification of the decree of March 16th, the court rendered a decree in which that decree was so modified that it should not affect in any wise any interest, right, or title owned in the land by said Clay county defendants. However the complainant had on the 17th day of March perfected an appeal from the decree of March 16, 1905, and on the 31st day of March, 1905, the Clay county defendants appealed from the decree of March 16, 1905.

The assignments of error made by the appellant Merritt relates to the dismissal of the bill for the want of equity as to the Clay county defendants. On the application for the rehearing made by the complainant to the court after the rendition of the decree dismissing the bill as to the Clay county defendants for the want of equity, the chancellor on the 31st of October, 1904, handed down an opinion justifying the decree dismissing the bill. The reasons for dismissing the bill for the want of equity are clearly pointed out in the opinion. We have critically examined, in connection with authorities upon which they are based, the argument and brief of counsel for appellant Merritt in opposition to the conclusion reached by the chancellor, and we adopt the opinion of the chancellor in part as the opinion of this court: "The decree dismissing the bill as to these defendants may be justified on either one of two entirely different grounds. If it contains no equity as to them, it must be dismissed as of course. If, containing equity, it is multifarious by reason of their joinder as parties defendant. it must be dismissed. The bill affirmatively shows that the venue as to these defendants is in Clay county. The bill could never be amended by eliminating the other parties defendant, so as to proceed against

these defendants only, without disclosing the lack of
local jurisdiction; and the motion to dismiss raises the
question in a proper way. Citations under section 676,
Code 1896. There is no equity in the bill. The mere
allegation that these defendants 'claim some interest in
the land,' which is the subject matter of the suit so far
as it concerns them, states no ground of equitable cog-
nizance, unless it be conjoined with some averment in
respect to the possession of the land, so as to show some
interference with complainant's rights. If complainant's
bill is in the nature of equitable ejectment, it cannot be
maintained against these defendants unless they are in
possession. There is nothing for complainant to do but
take possession. If the bill is a bill to quiet title, it
is necessary to allege actual or constructive possession in
the complainant. As Lord Chancellor Redesdale said, in
*Devonshire v. Newenham,* 2 Sch. & Lefr. 210: 'When
the question is merely whether A. or B. is entitled to the
property, there is no instance where a bill has been en-
tertained.' "

In no aspect of this bill, considered with reference to
these defendants, does it show any disturbances of the
complainant's rights. "A mere fear of suit, or that an-
other merely questions one's title, or even asserts a hos-
tile title, will not justify the court in interfering and
compelling litigation which might not otherwise arise."
—*Rea v. Longstreet,* 54 Ala. 594. The bill can have no
help from the statute to compel the determination of
claims to lands and to quiet title. Complainant's pos-
session, actual or constructive, is material, and must be
averred. To quote Lord Chancellor Redesdale again:
"A mere simple assertion of title is nothing upon which
the court can proceed."—*Devonshire v. Newenham,* su-
pra. In that case the devisees had filed a bill to carry
the trusts of a will into execution, and had made Newen-
ham a party defendant upon the allegation that the trus-
tees in the will, in order to relieve the estate of debts,
had advertised the demesne to be let, but were prevented
from proceeding in consequence of advertisemnts which
were published in the the newspapers by Newenham, cau-
tioning the public against taking the demesne, and mak-

ing claims thereto in a certain contingency. The argument in favor of the bill as against Newenham was that the right to come into court to have the trusts of the will executed was unquestionable, and that it would be a serious grievance to the *cestuis que trust* if they were not allowed to call upon the defendant Newenham either to insist upon his pretended title or disclaim it. The Lord Chancellor said: "Now no such suit has ever been entertained, as far as I can find; and it would be most dangerous to give the example of entertaining such a suit." The contention of the complainant in this case resolves itself into the broad proposition that any person may be drawn into a suit by the naked averment that he pretends to some interest in the subject-matter. He couples this with the concession that any person haled into court this way may escape the burden and risk of defending by entering a disclaimer of all interest. But, admitting a defendant's privilege to disclaim if he shall be so minded, we take it the real question is whether, over his protest, he may be compelled to answer in a suit in which no issue is tendered to him, and where he cannot know what will be the extent of any decree rendered against him, and no tangible hurt to complainant is shown.

Complainant, as supporting his contention, seems to lay considerable stress upon the case of *Hefner v. Life Insurance Co.*, 123 U. S. 747, 8 Sup. Ct. 337, 31 L. Ed. 309. That was a case of a collateral attack by an action of ejectment at law on the decree of a court of equity barring and foreclosing all interest of a party who has been brought into the case for the foreclosure of a mortgage on the mere general allegation that he claimed some interest in the mortgaged property. The defendant had suffered a decree pro confesso to go against him in the court of equity. At law he relied upon a title which had no connection with the mortgage. It was held that the decree in chancery barred his suit at law. Plaintiff's attack upon the decree, being collateral, was equivalent to the assertion that it had no validity whatever. The effect of the decision was that the averment that plaintiff claimed an interest was a sufficient basis for amend-

ment, sufficient to give the court jurisdiction, and that therefore the record of the chancery court did not disclose a void decree. The decision in the law case did not import that the decree was within any issue presented, nor that it was a proper decree to be rendered.— Van Fleet on Collateral Attack, § 17. The Supreme Court of Alabama, in the case of *Bolling v. Pace,* 99 Ala. 607, 12 South, 796, said of an adverse claimant, brought into a mortgage foreclosure suit by a similar general averment of a pretended interest, that "no decree in the case can bar or affect the adverse claim." To the same effect are the cases of *Spoors v. Coen,* 44 Ohio St. 50, 9 N. E. 132; *Strobe v. Downer,* 13 Wis. 10, 80 Am. Dec. 709, as well as the New York cases cited in *Hefner's Case.* Mr. Van Fleet says that the cases last mentioned confuse the doctrine of collateral attack and res adjudicata. Whether so or not, they indicate an opinion that an allegation merely that a party pretends to an interest in the subject- matter of a suit presents no issue which he ought to be required to answer when he makes the objection, and to this extent are not in conflict with the decision of the Supreme Court of the United States. In *Plumbe v. Plumbe,* 4 Y. & C. 345, decided by Lord Chief Baron Abinger, we find a case exactly in point. He said: "I take it that if a man claims an interest in the subject-matter of a suit by resisting the plaintiff in his possession or otherwise, and this appears by the bill, in such case you are not bound to set out the particular claim which he alleges, or to give it any color. But where a party is made a defendant, and it does not appear that he obstructs a right, or that he claims under any deed, but the bill merely alleges that he claims some interest in the matter in question, such a general allegation will not do."

We have not overlooked the averment, to be found in the bill, that whatever interest the defendants have is inferior and subordinate to the claim and right and title of the defunct corporation and the stockholders represented by complainant. This allegation could have no possible meaning which would affect anything already said in respect to the essential defect in the bill. It is a

false light. The bill, notwithstanding its extereme generality of averment in reference to these defendants, and notwithstanding its allegation that the claim of these defendants is inferior and subordinate, is nevertheless an assault upon the claim of these defendants as invalid for any purpose and to its entire extent. The pretended interest of these defendants is not in the trust the bill seeks to have executed, but in the land. These defendants are neither creditors nor stockholders of the defunct corporation. They cannot participate in the trust as defendants. Any interest they may be found to have will not only cause a diminution of the respective shares of the complainant and those he represents, but will decrease the trust fund as a whole; and, further, in order to have a decree, complainant must show title in the corporation at the time of its dissolution. Any claim of these defendants by conveyance or devolution must be traced back to the corporation at the time of its dissolution, or to its grantors, and in no sense either subordinate or subsequent to that of complainant, whose right as a *cestui que trust* for the distribution cannot antedate that time. And certainly any claim by adverse possession cannot be said to be subordinate to any other claim of title. The particular averments of the bill show that these defendants stand to the complainant and his class in the relation of adverse claimants, the general averment that their claim is inferior and subordinate to the contrary notwithstanding.

The citation by complainant of quite a number of mortgage cases seems to lend color to the idea that the allegation under consideration may have been intended to convey a suggestion that these defendants are proper parties in the same way, and for the same or an analagous reason, that subsequent incumbrancers are proper parties to mortgage suits into which they may be brought by the general allegation that they are subsequent incumbrancers and claim some interest. The practice is in virtue of rule 108 of chancery practice. In some of the states there are statutes to the same effect. No one need question the equity of a bill framed under such authority. But the rule is by its terms limited to

mortgage suits and to subsequent incumbrancers and it cannot be extended to other cases, nor to other parties claiming in other rights.—*Wells v. A. M. Co.*, 109 Ala. 439, 20 South. 136. This is not a mortgage suit. The defendants are not subsequent incumbrancers.

It may be conceded that the allegation that these defendants claim some interest implies the probability of a further definition; but there is no assurance that the possession of the land may be alleged to be with either complainant or these defendants, or elsewhere than it now is by construction of law. "And it is only when it appears from the bill that amendments can be made which would entitle the complainant to relief that such amendments will be considered as made, and the motion to dismiss for want of equity will be denied."—*Tait v. A. M. Co.*, 132 Ala. 200, 31 South. 625; *Gardner v. Knight*, 124 Ala. 273, 27 South. 298; *Bell v. Sou. H. B. & L. A.*, 140 Ala. 371, 37 South, 237, 103 Am. St. Rep. 41. Some of the considerations heretofore stated would contribute materially to the argument that the bill is multifarious by reason of the joinder of these defendants as parties under the circumstances shown in the bill, even though the conclusion drawn that the bill is wanting in equity, as against them,  be  erroneous.—*Colburn  v. Broughton*, 9 Ala. 362, and *Bullock v. Knox*, 96 Ala. 199, 11 South. 339, lead to the conclusion that the bill is multifarious for the misjoinder of these defendants. This defect in the bill, considered in connection  with  the shown venue in Clay county makes it proper to dismiss the bill for the want of equity.

"The decree was in vacation. But the bill was not dismissed on demurrer. It was dismissed for the want of equity on motion made for that purpose. The reason of the decisions on this point indicates that a dismissal for want of equity, where the equity of the bill is directly challenged, is as proper in vacation as term time.— *Bishop v. Wood*, 59 Ala. 253; *Kingsbury v. Milner*, 69 Ala. 502; *Stoudenmire v. DeBardelaben*, 72 Ala. 300. *Shackelford v. Bankhead*, 72 Ala. 476, may seem to indicate to the contrary. But in that case the court may not have had in mind the distinction drawn in *Tait v.*

*A. M. Co.*, supra. The defect found to exist in *Shackleford v. Bankhead*, supra, was amendable. There was lack only of sufficient certainty. It was the subject of demurrer, not of motion to dismiss for the want of equity." With respect of the dismissal in vacation without offering an opportunity to amend; this was done in the case of *Blackburn v. Fitzgerald*, 130 Ala. 584, 30 South. 568, and it is bound to be the correct rule, upon the principle announced in the case of *Seals v. Robinson & Co.*, 75 Ala. 368, and elaborated in the case of *Blackburn v. Fitzgerald*, supra, that when, on the face of the bill, if the facts were well pleaded, a case for relief would exist, the defendant should be put to a demurrer specifying the ground of objection, affording the complainant the opportunity to amend. We think the reasoning in the opinion of the learned chancellor demonstrates that the bill cannot be amended so as to give it equity against the Clay county defendants, and for this reason the bill was properly dismissed for the want of equity.

In this view of the case we deem it unnecessary that we should consider the equities of the case on any other grounds set out in the motion to dismiss the bill. It is clear to our minds that the Clay county defendants, having been turned out of court before the rendition of the final decree on March 16, 1905, are in no wise affected by the decree, and the assignments of error by them with respect to that decree cannot be sustained.

The decree of the chancellor dismissing the bill as to the Clay county defendants was the want of equity is corrected, in that a decree will be here rendered dismissing the bill without prejudice, and, as corrected, is affirmed. The costs of the appeal from the decree must be paid by the appellant. The cross-appeal by the Clay county defendants is dismissed at their costs.

HARALSON, DOWDELL, and SIMPSON, JJ., concur.