(113 So. 613)

## HUME v. KIRKWOOD et al.   (6 Div. 842.)

Supreme Court of Alabama.   June 30, 1927.

**1. Specific performance ⬤⇒103—Suit for specific performance of contract for sale of lands in Tennessee may be maintained in this state.**

Suit for specific performance of contract for the sale of lands in Tennessee may be maintained in this state where parties are within jurisdiction of the court.

**2. Specific performance ⬤⇒103—Statute providing that decree for specific performance shall operate as conveyance does not apply to suit involving lands in another state (Code 1923, § 6850).**

Code 1923, § 6850, providing that decree for specific performance shall operate as conveyance, does not apply so as to prevent jurisdiction of suit in this state, where the court has jurisdiction of the parties, for specific performance of a contract for the sale of lands in another state.

**3. Pleading ⬤⇒34(4)—Condition of delivery of deeds to complainant will be construed against pleader to have been oral, where writing not alleged.**

In absence of allegation in petition for specific performance that condition of delivery of deeds to complainant grantee was in writing, the condition will be assumed to have been oral, since pleading must be construed most strongly against complainant.

**4. Escrows ⬤⇒3—Generally, delivery of deed to grantee cannot be in escrow.**

Generally, delivery of deed to grantee cannot be in escrow to be held by him and to become a valid conveyance on the happening of a subsequent event.

**5. Evidence ⬤⇒444(4)—Grantee cannot prove by parol that absolute deed to him was conditioned by oral agreement.**

Grantee cannot, in suit for specific performance, prove by parol that absolute deed to him conveying property therein described was on the condition of an oral agreement as to report to be made by engineers.

**6. Specific performance ⬤⇒114(2)—Bill for specific performance of contract involving lands in another state is demurrable, where it fails to show terms of contract or where the contract was made.**

Bill for specific performance, failing to show with sufficient certainty the terms of a contract for the sale of lands in another state, or where the contract was entered into, so as to enable the court to determine what law would govern, is demurrable.

**7. Appeal and error ⬤⇒1040(3)—Sustaining demurrer to bill praying for discovery is not error, where amended bill shows matter was within complainant's knowledge.**

Sustaining demurrer to bill praying for discovery is not error, where it appears in amended bill that the matter was within the knowledge of complainant.

**8. Specific performance ⬤⇒127(1)—Complainant not entitled to specific performance was not entitled to ancillary injunctive relief.**

Complainant not entitled to specific performance as prayed *held* likewise not entitled to injunctive relief merely ancillary thereto.

**9. Appeal and error ⬤⇒236(2)—Supreme Court will not hold court erred in dismissing twice amended bill, where no further request for amendment was shown.**

Where complainant twice amended defective bill in equity and record fails to show that he requested leave to make further amendment, the Supreme Court will not hold that the court erred in dismissing the bill.

**10. Appeal and error ⬤⇒1152—Supreme Court will correct decree dismissing defective bill to make dismissal without prejudice, where plaintiff complained of refusal to permit amendment.**

Supreme Court will correct decree of the trial court dismissing a defective bill for specific performance by making the dismissal without prejudice, where complainant asserted error for refusal to permit further amendment, even though no error was committed.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by John C. Hume against John M. Kirkwood, George E. Harrison, John W. Pill, and others. From a decree dismissing the bill as to respondents Harrison and Pill, complainant appeals. Corrected and affirmed.

Hugh A. Locke and Frederick V. Wells, both of Birmingham, for appellant.

Where there is a valid executed contract for the sale of land containing a condition precedent to be performed by the vendor, vendee is entitled to specific performance of the condition as well as a conveyance of the property. Penney v. Norton, 202 Ala. 690, 81 So. 666; Mut. Loan Soc. v. Montgomery, 15 Ala. App. 697, 73 So. 1005; Mutual Loan Soc. v. Stowe, 15 Ala. App. 293, 73 So. 202; Mutual Loan Soc. v. Leonard, 15 Ala. App. 697, 73 So. 1005. A complainant whose bill contains a colorable statement of a ground of equitable relief is entitled to an opportunity to amend as a matter of right. It is error to dismiss such a bill before complainant has an opportunity to amend. Code 1923, §§ 9516, 6558; Coleman v. Butt, 130 Ala. 266, 30 So. 364; Hendricks v. Hughes, 117 Ala. 591, 23 So. 637; Brown v. Mize, 119 Ala. 10, 24 So. 453; Lehman-Durr Co. v. Griel Bros., 119 Ala. 262, 24 So. 49; Treadwell v. Torbert,

122 Ala. 297, 25 So. 216; Taylor v. Dwyer, 131 Ala. 91, 32 So. 509; Kingsbury v. Milner, 69 Ala. 505; Blackburn v. Fitzgerald, 130 Ala. 584, 30 So. 568; Little v. Snedecor, 52 Ala. 167.

Woodall & Patrick, of Birmingham, for appellees.

Where the bill is wholly without equity, it is proper to dismiss without providing for amendment or dismissal without prejudice. Lewman & Co. v. Ogden Bros., 143 Ala. 351, 42 So. 102; Dailey v. Koepple, 164 Ala. 317, 51 So. 348; Merritt v. Ala. Pyrites Co., 145 Ala. 252, 40 So. 1028; Tigrett v. Taylor, 180 Ala. 296, 60 So. 858; Va. & A. M. Co. v. Hale, 93 Ala. 542, 9 So. 256; Roquemore v. Mitchell, 167 Ala. 475, 52 So. 423, 140 Am. St. Rep. 52. Specific performance will not be decreed as to conveyance of land, where the land is in another state, where the obligation is to render personal service, or where complainant has an adequate remedy at law. Code 1923, §§ 6850, 6833; Lamkin v. Lovell, 176 Ala. 334, 58 So. 258; Tombigbee Co. v. Fairford Co., 155 Ala. 575, 47 So. 88; Bromberg v. Eugenotto Const. Co., 158 Ala. 323, 48 So. 60, 19 L. R. A. (N. S.) 1175.

GARDNER, J. The bill in this cause filed by appellant against appellees and others sought specific performance of a contract as to the sale of certain lands situated in the state of Tennessee, and injunctive relief as well as discovery as ancillary thereto. The bill was twice amended, and demurrers interposed by appellees to the bill as amended were sustained, and the said bill dismissed as to these respondents. From this decree the appeal is prosecuted.

[1] Counsel for appellees insist that as the real estate here involved is situated in another state the court is without jurisdiction in cases of this character. The parties are, however, within the jurisdiction of the court, and a suit may be maintained which directly affects and operates upon the person of the defendant, and not upon the subject-matter, although the subject-matter is referred to in the decree, and the defendant is ordered to do or refrain from certain acts toward it, and it is thus ultimately but indirectly affected by the relief granted. "As examples of this rule, suits for specific performance of contracts * * * may be brought in any state where jurisdiction of defendant's person is obtained, although the land * * * is situated in another state." 4 Pom. Eq. Jur. (4th Ed.) § 1318; 1 Pom. Eq. Jur. § 16. The rule was recognized by this court in Allen v. Buchanan, 97 Ala. 399, 11 So. 777, 38 Am. St. Rep. 187; and Lamkin v. Lovell, 176 Ala. 334, 58 So. 258. See, also, People's Bank v. Barret, ante, p. 344, 113 So. 389.

[2] We do not think that the provisions of section 6850 of the Code of 1923 manifest a legislative intent to repudiate the well-established rule as above stated, but are to be construed as confined in their application to those cases where the real estate is within this state. We are therefore of the opinion the insistence as to a want of jurisdiction is without merit.

[3-5] The demurrers to the amended bill were properly sustained. It appears from its averments that deeds to the property therein described "were executed and delivered to the complainant conveying the * * * property, but * * * was accepted by complainant upon the condition * * * set out in paragraph 3." This condition had reference to a report of the engineers to the effect that as much as 25,000 acres of the land were not occupied by squatters. But there was no allegation that any condition was written in the deed or was in writing in any form, and construing the pleading most strongly against complainant, there was merely an oral agreement or condition. "The general rule is that the delivery of a deed to the grantee * * * cannot be a delivery in escrow." Ala. C. & C. Co. v. Gulf C. & C. Co., 165 Ala. 304, 51 So. 570. "We do not question the doctrine, so firmly established, that a deed cannot be delivered to the grantee, to be held by him as an escrow, and to become valid and binding as a conveyance, only on the happening of an event to transpire afterwards." Cherry, Smith & Co. v. Herring, 83 Ala. 458, 3 So. 667. When the possession of a deed to lands is obtained by the grantee from, and by the act of the grantor, or with his consent, it is not permissible for the grantor to prove by parol that the delivering of the deed was conditional or qualified, and not absolute. Any parol negotiation or agreement antecedent to, or contemporaneous with the delivery of the deed, is merged in the delivery, and from that time the conveyance becomes operative according to its terms." Williams v. Higgins, 69 Ala. 517. See, also, 10 R. C. L. p. 629. The bill thus construed, therefore, discloses an absolute deed conveying to complainant the property therein described, and a mere verbal conditional agreement as to report of the engineers, unenforceable in a court of equity. The demurrer sufficiently takes the point, and was properly sustained.

[6] It may be added, also, that the bill fails to show with sufficient certainty the terms of any contract, or, where such alleged contract was entered into, that the court might determine by what law the same was to be governed. (Lamkin v. Lovell, supra) and doubtless other defects not here necessary to note.

[7, 8] The matter of discovery prayed for in the original bill related only to the description of the property, which, from the amendment to the bill, appears to be fully within the knowledge of complainant. It therefore appears upon the face of the bill no

discovery is necessary. The injunctive relief was ancillary to the specific performance, and complainant, not being entitled to specific performance, is likewise not entitled to such relief.

[9] It is earnestly insisted by appellant, however, that although the bill might be held demurrable and without equity, yet the court erred in dismissing the bill without giving complainant leave to amend. There were apt demurrers interposed to the original bill. The bill was twice amended: First before a ruling on demurrers, and the second time after a ruling sustaining the demurrers confessed in open court by complainant to be well taken. The second amendment was not made within the time required by the decree sustaining the demurrer, and complainant was stimulated to action by the motion of these respondents to dismiss the bill, but the motion was denied and the amendment allowed to stand.

In Crowson v. Cody, 209 Ala. 674, 678, 96 So. 875, 879, the court said:

"While the law of amendments is liberal, and the practice of courts indulgent, there must be an end to litigation, and if a complainant cannot or will not finally 'amend a defective bill so as to meet the requirements of law within a reasonable time, there is no recourse except to dismiss the bill." Crowson v. Cody, 211 Ala. 559, 100 So. 821.

But the authorities relied upon by counsel for appellant relate to a dismissal of a bill in vacation. Blackburn v. Fitzgerald, 130 Ala. 584, 30 So. 568; Merritt v. Ala. Pyrites Co., 145 Ala. 252, 40 So. 1028. Speaking to the question here presented, the court in Buford v. Ward, 108 Ala. 307, 19 So. 357, said:

"It is no ground of objection that the court dismissed the petition, without expressing leave to amend. It was done in open court, in term time. The petitioner should have requested permission to do so, if he desired to amend."

See, also, Dickerson v. Schwabacher, 177 Ala. 371, 58 So. 986, to like effect; Blackburn v. Fitzgerald, supra, 590, 591 (30 So. 569, 570).

The decree was rendered October 6, 1926, on which day the submission was had. Indeed, we construe the record here (Transcript, p. 19) as disclosing a submission on demurrer and a decree rendered in open court, and in the presence of the solicitors for the parties. The minute entry shows the style of the cause, the date and its submission on that date upon motion of the solicitors of the parties, and decree immediately following on that same date. We think the only reasonable construction of the record is as above indicated. So construed, therefore, the duty rested upon complainant to make known a desire for further amendment. The record disclosing ample opportunity for complainant to amend the bill so as to state a case for

relief in a court of equity, if the facts so warranted, and complainant having failed to do so, or request further time to that end, we are unwilling to hold the court committed error in dismissing the bill.

[10] The dismissal resting upon a ruling on the pleading, and to the end that no possible injustice result, we will correct the decree that the dismissal be without prejudice (Merritt v. Ala. Pyrites Co., 145 Ala. 252, 40 So. 1028), and, as corrected, the decree will be affirmed at the cost of appellant.

Corrected and affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.